REGAN, Judge.
Plaintiff, Claude Ellzey, instituted this suit against the defendant, Fidelity and Casualty Company of New York, the compensation insurer of his employer, Southern Scrap Material Company, endeavoring to recover maximum workmen’s compensation benefits and medical expenses for an injury, incurred as a result of a 600-pound airplane wheel striking his back during the course of his work. Plaintiff further asserted that the insurer arbitrarily withheld compensation payments and, therefore, requested the imposition of statutory penalties and attorney’s fees.
Defendant answered and admitted the occurrence of the accident but denied that plaintiff was disabled as a result thereof.
From a judgment awarding plaintiff compensation at the rate of $28.60 per week for *594 300 weeks, subject to a credit of $21.33 per week for 18 weeks, both plaintiff and defendant have prosecuted this appeal.
Plaintiff insists that the award should have been for 400 weeks. On the other hand, the defendant is equally as emphatic m its assertion that the plaintiff has failed to establish his disability by a preponderance of the medical evidence.
It was stipulated by both litigants that plaintiff was employed by Southern Scrap Material Company as a “D-grader” and was injured on July 17, 1957 when he was struck in the back by an airplane wheel.
Plaintiff, a man 22 years of age, had been employed by defendant’s insured for about one month when he was injured. He related that he worked eight hours per day on weekdays and sometimes four hours on Saturday. Before obtaining employment with the insured, he had worked as a service station attendant, and prior to that, as a farmhand on his mother’s farm.
Three witnesses, who had known plaintiff for many years before the accident, testified that he had never complained of his back before the accident, and it is not seriously disputed that prior to' July 1957, plaintiff worked in several capacities performing heavy manual labor.
The dispute herein is solely concerned with the extent of plaintiff’s disability and its relation, if any, to the accident which occurred on July 17, 1957; therefore, the judgment which we shall render herein is necessarily predicated on the preponderance of the medical evidence adduced on behalf of both litigants.
The medical experts who appeared on behalf of the plaintiff included Dr. William Fisher, a general practitioner, Dr. Richard Levy, a neurosurgeon and Dr. Edward T. Plaslam, an orthopedic surgeon. Basing their opinions on clinical findings and a myelogram performed on plaintiff about a year after the injury, they all concluded that plaintiff was probably suffering from a ruptured intervertebral disc, and were positive enough in this conclusion to recommend performing an exploratory operation to confirm their diagnoses. As to the issue of causal connection between the accident and subsequent disability, these doctors expressed the opinion that plaintiff’s history of no complaints before the accident and his resulting disability thereafter pointed to the apparent conclusion that the accident either caused or aggravated his present disability.
Conversely, Dr. V. P. Blandino and Dr. M. D. Paine, general practitioners, testified on behalf of the defendant. Dr. Blandino branded the plaintiff as a malingerer while Dr. Paine stated that his complaints of pain were greatly exaggerated. Dr. Blandino was the first physician to treat plaintiff after the accident and this was from July 18 to September 19, 1957, at which time he discharged plaintiff as fully capable of resuming his former occupation as a heavy laborer. Dr. Paine treated plaintiff from September 23 to November 19, 1957 and on his initial examination he’observed objective findings to support plaintiff’s complaint of pain. When Dr. Paine discharged him, he related that the plaintiff had completely recovered from any disability resulting from the accident.
Dr. Dean Echols, a neurosurgeon who appeared on defendant’s behalf, examined plaintiff in February and October of 1958 and concluded that there was an abnormality in plaintiff’s back and that his complaints of pain were not exaggerated, but he traced the condition to a congenital deformity in the back and stated that he could not causally connect the accident with the disability. Lie also stated that the accident could not have aggravated the congenital defect which he insisted existed prior to the occurrence thereof. However, he very pertinently related that the plaintiff was totally and permanently disabled and it was beyond his realm of comprehension how the plaintiff was actually able to walk as of the date of the trial in the lower court.
*595 The foregoing résumé of the case reveals that the only question posed for the trial court’s consideration was whether the plaintiff was in fact disabled and whether this disability was either caused or aggravated by the accident.
The trial judge found as a fact that the plaintiff incurred injuries to his back in consequence of the accident which occurred on July 17, 1957, or that a congenital defect was aggravated thereby; but in either event, he was rendered disabled as a result thereof and unfit to return to his former occupation.
The question which this appeal has posed for our consideration is whether that finding of the trial court is so erroneous and unsupported by the evidence as to warrant a reversal by us.
It is conceded that a civil case need not be proved beyond a reasonable doubt; therefore, the civil law concerns itself with reasonable probabilities rather than absolute certainties.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the testimony of the medical experts. Suffice it to say that a careful examination thereof convinces us that it preponderates in favor of the reasonable and probable conclusion reached by the trial court to the effect that the plaintiff incurred disabling back injuries or that a congenital defect of the back was aggravated thereby. Considering the medical testimony, together with plaintiff’s ability to perform heavy manual labor before the accident and his willingness to submit to an operation to cure this condition, which, to say the least, is most unusual, we conclude that he is totally and permanently disabled and is accordingly entitled to recover full compensation for 400 weeks.[1]
We find no merit in plaintiff’s prayer for penalties and attorney’s fees because the record fails to reflect any arbitrary actions on the part of the defendant in processing this claim which would warrant the imposition of statutory penalties and fees.
For the reasons assigned, the judgment appealed from is amended to increase the award of compensation from $28.60 for 300 weeks to $28.60 for 400 weeks, and in all other respects, the judgment is affirmed.
Amended and affirmed.

. The trial court awarded plaintiff compensation for 300 weeks which was error. Both litigants concede that if plaintiff is found to be totally and permanently disabled as a result of the accident, he is entitled to compensation extending over a period of 400 weeks. This is too well settled to require citation in support thereof.