139 So.2d 67 (1962)
Doyal E. LUDLAM, Plaintiff-Appellant,
v.
INTERNATIONAL PAPER COMPANY, Defendant-Appellee.
No. 9675.
Court of Appeal of Louisiana, Second Circuit.
March 7, 1962.
Rehearing Denied April 4, 1962.
*68 Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for appellant.
Madison, Madison & Files, Bastrop, Stewart & Stewart, Minden, for appellee.
Before HARDY, AYRES and BOLIN, JJ.
BOLIN, Judge.
This is a compensation suit filed under the occupational disease portion of the workmen's compensation statute. The lower court sustained a plea of prescription filed by the employer on the grounds that the disease had manifested itself more than four months previous to his claim, and from this judgment the employee has appealed.
Our decision being limited to the correctness of the lower court's ruling on the prescriptive plea, the recitation of facts will be limited to the pleadings and the evidence adduced under the plea. Plaintiff alleges he had been employed by International Paper Company since September 1951; that in 1954 he was assigned duties as a third hand on a papermaking crew, operating a unit of machinery known as a "winder and cutter"; that he continued such work until August 8, 1960, at which time he sought medical attention and was forced by his condition to discontinue his employment. Plaintiff alleges this condition was causally connected with his employment. To this petition, defendant filed a plea of prescription of four months, alleging a claim for compensation was made more than four months from the date of the contraction of the disease and more than four months from the date such disease first manifested itself. The plea was separately tried and the only evidence offered was the testimony of Mr. D. B. Clark, personnel director of defendant's plant in Springhill. At such hearing, it was shown plaintiff quit work on August 8, 1960, and soon thereafter applied to Clark for benefits under a Metropolitan Life Insurance Company group policy and received payments thereunder of $40.00 per week for twenty-six weeks, dating from August 8, 1960. This policy excluded any payments for injuries or disabilities compensable under the workmen's compensation act.
At about the same time Ludlam quit work he sought medical advice about his condition from Dr. Bays, a physician of Shreveport, who apparently wrote him a note and letter recommending his discontinuance of any type of work where he would subject himself to irritating fumes and dust. Though the note and letter were not introduced into evidence, Mr. Clark testified as to the statements contained therein and further testified he did not see them until March, 1961.
After termination of the 26 weekly payments under the Metropolitan policy in April, 1961, plaintiff applied for total and permanent disability payments under the policy. In this application of April, 1961, Mr. Clark testified Ludlam stated his disability was caused by working in paper dust. Clark apparently told plaintiff that his group policy did not cover such disability as it was work related and compensable under the Workmen's Compensation Act.
In May, 1961, plaintiff sought legal advice and claim was made upon defendant for workmen's compensation benefits by letter dated May 17, 1961. Upon refusal of International Paper Company to make compensation payments, suit was filed on July 26, 1961.
Counsel for appellant specifies error in the judgment as follows:
1. The District Judge erred in an apparent finding that appellant knew that his disabling condition was caused by his working *69 environment more than four months before making demand for compensation payments.
2. The District Judge erred in apparently refusing to apply the provisions of LSA-R.S. 23:1295 and thereby denying the plea of prescription on the grounds appellee knew or should have known of appellant's condition.
3. The District Judge erred in apparently refusing to apply the provisions of LSA-R.S. 23:1295 and thereby denying the plea of prescription for appellee's failure to show any prejudice as a result of appellant's delay in making a claim.
The first specification of error presents for determination the question of the time of manifestation of an occupational disease. LSA-R.S. 23:1031.1 (D) provides:
"All claims for disablement arising from an occupational disease are forever barred unless the employee files a claim with his employer within four months of the date of his contraction of the disease or within four months of the date that the disease first manifested itself. Notice filed with the compensation insurer of such employer shall constitute a claim as required herein." (Emphasis supplied.)
This court had occasion to consider the above statute in Frisby v. International Paper Company (La.App. 2 Cir., 1954) 76 So.2d 621. The salient facts being strikingly similar to the instant case, we deem it appropriate to briefly outline same.
Frisby commenced his employment on September 1, 1951, as a laborer in the pulp department of defendant's paper mill located in Bastrop. About April 1, 1952, ulcers and sores began to appear on his body. He then consulted several doctors to ascertain the cause of his trouble and received treatments, which, however, failed to alleviate his condition. In August, 1952, he was forced to discontinue his employment and his condition grew progressively worse. Finally when his bones and lungs became affected he reported to the Veterans Hospital in Shreveport on January 12, 1953, where he was hospitalized until April 29, 1953, and at the time of trial he was still receiving out-patient treatments from that institution. Plaintiff testified he did not know or realize that his condition was compensable under the Workmen's Compensation Act until he was so informed by his attorney following a professional visit by plaintiff to Dr. Anderson of Monroe, who made a diagnosis of blastomycosis on July 13, 1953, and expressed an opinion that the cause of the disease had a definite relation to his employment. Suit for workmen's compensation benefits was then filed on July 29, 1953, and the Court held:
"Our Workmen's Compensation Act directs the courts to give a liberal interpretation to its provisions. The Supreme Court unquestionably followed this injunction of the Legislature in the Mottet case wherein it held the injury did not develop until plaintiff was forced to cease employment through total disability. Manifestly, knowledge of the diagnosis but without knowledge or reasonable information that his disease was related to his employment and within the purview of the Workmen's Compensation Act could not enable plaintiff to avail himself of the rights granted under the Act. We are thus of the opinion that the claim had not `manifested itself' within the Act until July of 1953, when he first became aware the disease was related to his employment. We therefore resolve, that insofar as the Workmen's Compensation Act has application, the blastomycosis from which plaintiff was suffering did not manifest itself within the provisions of LSA-R.S. 23:1031.1, subd. C until July of 1953, when Frisby was informed of the connection between his disease and his employment. The plea in bar or plea of peremption was, therefore, properly disposed of by the district court." (Emphasis supplied by this Court.)
*70 Therefore, an occupational disease does not "manifest itself" within the purview of LSA-R.S. 23:1031.1 (D) until the employee has knowledge of the connection between his disease and his employment. It follows the prescriptive period in the instant case commenced only from the date plaintiff became aware of the causality between his employment and his disease. There is nothing in this record to show Ludlam was aware his employment caused the condition until April, 1961. To the contrary, plaintiff drew benefits under a policy of insurance for disability not connected with his employment. The application forms were processed under the supervision of appellee's personnel manager and on each of these forms plaintiff indicated a belief his condition was not related to his work.
The only evidence presented which would tend in any way to indicate plaintiff's knowledge of any causal relationship between his work and disease is the testimony relative to a note and letter from Dr. Bays about which Mr. Clark testified. However, Clark admitted Dr. Bays did not refer to any initial causality between Mr. Ludlam's work and disability except to advise plaintiff to discontinue any work which exposed him to fumes, dust and other irritants.
Under these circumstances, to conclude appellant was aware of the causal connection between his job and his physical condition could only be accomplished by a reliance upon inference, not direct evidence. We certainly cannot infer such knowledge from the advice given him by Dr. Bays, because his admonition to stay away from fumes and dust would apply to any respiratory disease whether work connected or not.
The burden is upon the one filing a plea of prescription to present sufficient legal evidence to substantiate same and no presumptions may be made in favor thereof. The record convinces us the disease or condition only "manifested itself" to Ludlam in April, 1961, when he made application for total and permanent disability payments under the Metropolitan policy wherein he apparently indicated for the first time his belief in a causal connection between his disability and work. Accordingly, the plea of prescription should have been overruled.
Having disposed of this issue favorably to appellant, it is unnecessary to consider the other specifications of error raised and it is therefore ORDERED, ADJUDGED AND DECREED that the plea of prescription be overruled and the case remanded for consideration and trial on the merits. The costs of this appeal are assessed against defendant and all other costs are to await a final decision on the merits.
Reversed and remanded.