SAVOY, Judge.
This is a workmen’s compensation suit filed by plaintiff against his former employer, Cotton Brothers Baking Company, and United States Fidelity and Guaranty Company, the insurer of his former employer, for total and permanent disability. He also prayed for the maximum medical expenses allowed under the Workmen’s Compensation Act, and for penalties and attorney’s fees.
Defendants filed an answer denying that plaintiff was entitled to benefits under the compensation act; that he did not suffer an accident while working for his former employer; and that plaintiff was discharged because he did not perform satisfactory work for his said employer. Defendants answered further alleging that shortly after plaintiff’s discharge, he applied to the Division of Employment Security, Department of Labor, State of Louisiana, for unemployment compensation benefits, holding himself out to be in good physical condition and able to work, but unable to secure employment; that after a hearing on said matter, plaintiff was awarded unemployment compensation benefits by the State of Louisiana. Defendants also filed a plea of prescription in bar to plaintiff’s suit, pleading the prescription and peremption of one (1) and two (2) years.
After a trial on the merits, the district judge rendered judgment in favor of defendants against plaintiff, rejecting .his demands and dismissing his suit at his costs. In his reasons for judgment, the trial judge stated that the evidence indicated that plaintiff had suffered from asthma, but that since asthma is not one of the diseases listed under LSA-R.S. 23:1031.1, he was of the opinion that plaintiff could not recover. He also held that if he were in error in the above reasoning, the plea of prescription filed by defendants under LSA-R.S. 23 :1031.1(D), was valid and a bar to this action for the reason that the disease first manifested itself in August, 1957, and the suit was filed on August 25, 1961.
*311 From the judgment of the district court, plaintiff has appealed to this Court.
The evidence discloses that plaintiff was discharged on April 28, 1951, by his former employer, Cotton Brothers Baking Company.
On July 20, 1961, plaintiff was examined by Dr. Robert J. Friedman. The doctor testified that Jones was suffering from asthmatic bronchitis. He stated:
“A. Well, of course if one goes back into a patient’s inheritant factors they would probably have an inherited sensitivity to certain conditions, either bacteria or to certain allergins which precipitates sensitivity reactions and then with this inborn sensitivity they have a precipitating factor which is either exposure to something they are sensitive to or to its effect. And then each time they again are exposed they get a recurrent episode.”
The doctor was then asked if the plaintiff had pneumoconiosis which is an occupational disease covered by LSA-R.S. 23:1031.1. Dr. Friedman stated that he would not make that diagnosis and defined pneumoconiosis as follows:
“A. Pneumoconiosis is usually the disease that results from the deposits of foreign material or dust or a heavy material into the lung tissue with secondary fibrosis around these foreign objects. And it’s not necessarily related to asthma or asthmatic bronchitis which are responses to sensitivity factors.”
Plaintiff was then examined by Dr. Rufus H. Craig on March 5, 1962. We quote from his testimony as follows:
“Q. Doctor, on what the man told you, I believe you came up with a probable diagnosis of asthmatic bronchitis. Is that correct?
“A. I said he had a bronchospastic disease, probably bronchial asthma with apparently episodes of asthmatic bron-‘, chitis. Yessir. Now this was based on history, as I say, his findings were * * * -the one and only time I saw him, were negative as far as his chest was concerned.
“Q. Doctor, did you find the man suffering from pneumoconiosis?
“A. No, sir, I did not.
“Q. What is pneumoconiosis?
“A. Pneumoconiosis is a term that is actually applied to a group of diseases, in which there is a fibrosis that occurs within the lungs because of prolonged repeated exposure to mineral dust such as sand, anthracosis, from coal dust, berylliosis from beryllium, and so on.”
Dr. J. E. Hines, family physician of plaintiff, treated plaintiff three (3) times after an illness in January of 1961, and stated he did not find any evidence of asthma.
From the testimony of the doctors in the case, the district judge found that plaintiff did have recurrent attacks of asthma. The trial judge found that asthma, or asthmatic bronchitis, was not compensable, making the following observation:
“Any discussion as to whether or not this asthmatic condition was caused or aggravated either permanently or temporarily by the inhalation of flour — is a moot question. Neither Dr. Friedman nor Dr. Hines, two of the three doctors testifying in this case, stated that this asthmatic condition fell within one of the diseases listed under R.S. 23 :- 1031.1. Because I did not know whether or not this condition fell within the provision of the cited law, I handed a copy of the Statute to Dr. Craig while he was on the witness stand and asked him to review the diseases listed and tell me whether or not asthma was covered under any of the diseases therein listed. After a very careful review of *312 the diseases listed Dr. Craig said that it did not fall within any of the diseases listed. To me this ends the question because the law is perfectly clear as Section B of the cited statute provides:
“ ‘An occupational disease shall in4 elude only those diseases hereinafter listed when contracted by an employee in the course of his employment as a result of the nature of the work performed.’
'‘If the contraction of asthma or aggravation of asthma was intended to be covered under the act, the legislature could have easily stated such. If there is injustice in not allowing recovery for the contraction or aggravation of asthma as an occupational disease then this is a matter that addresses itself to the legislature, not to the courts.”
LSA-R.S. 23:1031.1 designates the occupational diseases for which a person may recover under the Workmen’s Compensation Act. Asthmatic bronchitis is not included therein as an occupational disease. There was no showing that plaintiff suffered from pneumoconiosis.
Pneumoconiosis is associated with inhaling mineral dust of one type or the other, such as coal dust, talc-type dust, mineral or stone dust, granite, etc.
Plaving determined that plaintiff has not suffered an occupational disease within the provisions of LSA-R.S. 23:1031.1, there is no need for this Court to discuss the plea of prescription filed by defendants and maintained by the district judge under the provisions of LSA-R.S. 23:1031.1(D).
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.