165 So.2d 51 (1964)
Ernest L. HICKS, Plaintiff-Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY et al., Defendants-Appellees.
No. 10145.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1964.
Thomas M. Comegys, Jr., and Wilson, Abramson, Maroun & Kaplan, Shreveport, for appellant.
Mayer & Smith, Shreveport, for appellees.
Before GLADNEY, AYRES and BOLIN, JJ.
BOLIN, Judge.
Plaintiff alleges that as a result of prolonged exposure to flour dust while employed by Continental Baking Company he developed bronchitis, bronchiolitis and emphysema, which rendered him totally *52 and permanently disabled, entitling him to the maximum compensation, medical payments and statutory penalties under the Louisiana Workmen's Compensation Act. More specifically, plaintiff predicates his claim upon LSA-R.S. 23:1031.1, pertaining to occupational diseases. From judgment rejecting his demands, plaintiff appeals.
The issues presented to the court for determination are:
1. Whether plaintiff's condition was causally connected with his undisputed prolonged and continuous exposure to flour dust.
2. Assuming an affirmative answer to the first issue, did plaintiff have an occupational disease within the meaning and definition of the Louisiana Workmen's Compensation Act?
3. The merit of defendants' plea of prescription based on a claim that the disease did not manifest itself within the period set forth in the appropriate section of the compensation act.
It is undisputed that the plaintiff had been employed for twelve or more years in the Continental Baking Company plant and that in connection with his employment he was constantly exposed to flour dust. The medical testimony reflects he developed a condition diagnosed as "chronic bronchitis, bronchiolitis in acute exacerbation and obstructing emphysema, grade 3," resulting in serious impairment of his breathing capacity.
LSA-R.S. 23:1031.1 is the statutory authority allowing recovery under the Workmen's Compensation Act for what are commonly referred to as occupational diseases. Section "B" thereof provides:
"B. An occupational disease shall include only those diseases hereinafter listed when contracted by an employee in the course of his employment as a result of the nature of the work performed. Tuberculosis shall not be an occupational disease within the meaning of this Chapter, except when contracted during the course of employment by an employee of a hospital or unit thereof specializing in the care and treatment of tuberculosis patients, and no disease shall be construed to include tuberculosis in its scope, except as herein specified."
* * * * * *
The list includes poisoning or other disease resulting from contact with sixteen listed chemical compounds, diseased condition caused by exposure to X-rays or other radioactive substances, and, in addition, the specific ailments of asbestosis, silicosis, dermatosis and pneumoconiosis. For these designated occupational diseases compensation is awarded on the same basis as for injury by accident.
Simply stated defendants' contention is that plaintiff Hicks has none of the diseases enumerated under the statute and therefore whatever disability he has is not compensable. This theory, adopted by the trial judge in his written opinion, finds some support from the cited case of Jones v. United States Fidelity and Guaranty Co. (La.App. 3 Cir., 1962) 148 So.2d 309, wherein the court denied plaintiff compensation solely because his particular disease was not one of those specifically named in the statute and had this to say:
"LSA-R.S. 23:1031.1 designates the occupational diseases for which a person may recover under the Workmen's Compensation Act. Asthmatic bronchitis is not included therein as an occupational disease. There was no showing that plaintiff suffered from pneumoconiosis."
We find some rather interesting language from a later case decided by our esteemed brethren of the same circuit in Bernard v. Louisiana Wild Life and Fisheries Commission (La.App. 3 Cir., 1963) 152 So.2d 114 (cert. refused). There the court allowed *53 an employee to recover maximum benefits for total and permanent disability after he had developed emphysema as a result of regular use of and exposure to a chemical spray classified as "2-4-D". (Dichlorophenoxyacetic Acid.)
Our study of the occupational disease section of the Workmen's Compensation Statute and cases cited supra leads us to the conclusion the section in question was never intended to exclude the disease known to the medical profession as emphysema merely because it is not specifically listed in the Workmen's Compensation Statute. Rather, it is our view that the diseases designated therein by name are expressly compensable if they have any causal connection with the claimant's disability; likewise that "poisoning by or other disease resulting from contact with" any of the sixteen chemicals or compounds thereafter listed is compensable.
It now becomes necessary for us to apply our appreciation of the law to the facts of this particular case. Many medical experts testified as to what, in their opinion, caused the claimant to develop emphysema. From this testimony we conclude the emphysema was caused by a chronic bronchitis which in turn was aggravated over a period of time by Hick's constant inhalation of the flour while he worked in the bakery.
Since bronchitis, bronchiolitis and emphysema are not named as diseases for which an employee may recover workmen's compensation, even if causally connected with his employment, we turn to that portion of the statute relating to diseases resulting from contact with the enumerated chemicals or other materials. Plaintiff, in an effort to show that the flour contained either one or a combination of the chemicals and compounds designated in the statute produced the testimony of several eminent physicians and one chemist. From our study of this testimony, we are convinced that flour does not contain any of the elements or their derivatives listed in sufficient quantities to produce emphysema. Therefore, we conclude the plaintiff's disability is not proved to be the result of contact with any of the chemicals or compounds enumerated in LSA-R.S. 23:1031.1 B(1).
Having found the claimant herein is suffering from emphysema brought on by recurring attacks of bronchitis, which in turn, was either caused or aggravated by contact with flour and that flour had an insufficient quantity of the chemical derivatives or compounds listed under the pertinent section of the occupational disease portion of the Workmen's Compensation Act, plaintiff is not entitled to recover.
For the reasons shown, the judgment appealed from is affirmed at appellant's cost.
Affirmed.