CULPEPPER, Judge.
This is a workmen’s compensation case. Plaintiff contends he is permanently and totally disabled as a result of a spontaneous pneumothorax (collapsed lung) which he suffered while working for the defendant, Pittsburg Plate Glass Company. From an adverse judgment, plaintiff appeals.
The substantial issue is whether plaintiff has sustained his burden of proving a causal connection between the accident and his present disability.
The facts are that plaintiff worked almost daily with an air hammer pounding against his chest. While so working on October 21, 1963, he developed a pain in his chest and had to quit. He was taken to the offices of Dr. Edmond Nagem who diagnosed a spontaneous pneumothorax and hospitalized plaintiff for treatment. Dr. Nagem, as well as the other doctors who subsequently saw Duhon, found he had a pre-existing lung disease known as emphysema, a condition of unknown cause, here characterized by air-filled blisters on the outsides of the lungs. At the time of the accident one of these blisters on the right lung ruptured, allowing this lung to deflate and collapse.
Under Dr. Nagem’s treatment the rupture in the right lung healed by November 15, 1963. However, Dr. Nagem advised plaintiff that he should not return to strenuous manual labor. Dr. Nagem testified that because of this lung disease plaintiff should not have been doing hard manual labor before the accident, and that he was also presently disabled from such labor.
Plaintiff was later examined by two1 specialists in internal medicine, Dr. Irving Singer and Dr. David Butiros. These two1 specialists, and the treating physician, Dr. Nagem, all testified that after the rupture in the right lung healed, plaintiff was in as good a condition as he was before the accident; and that the accident did not hasten the progress of the disease, make the lung more susceptible to reinjury, or aggravate the disease in any way.
*471 The only doctor who testified to the contrary was Dr. R. E. Dupre who examined plaintiff and opined that the accident aggravated the pre-existing lung disease and increased plaintiff’s disability to perform manual labor.
The most recent expression of our Supreme Court as to the required proof of causal connection between the accident and disability, is in Guillory v. New Amsterdam Casualty Company, 244 La. 225, 152 So.2d 1 (1963). There the plaintiff suffered preexisting spondylolithesis which he contended was aggravated by a back sprain received in the accident. In holding that the proof was not sufficient to show a causal •connection between the accident and plaintiff’s disability the court said:
“Even though this is a compensation ■suit, plaintiff bears the burden of proof, as in other civil cases, and must •establish his claim by a preponderance of the evidence and to a legal certainty. See Bankston v. Aetna Casualty Company et al., La.App., 132 So.2d 111 (1961), and cases cited therein. What is meant by this rule is that plaintiff in a compensation suit is required to make out his case by a preponderance ■of the evidence and with the same legal ■certainty as required in any other civil •case. It follows from this, that speculation, conjecture, near possibility, and even unsupported probabilities, are not sufficient to support a judgment. Green v. Heard Motor Co., 224 La. [1077], 1078, 71 So.2d 849 (1954); Henderson v. New Amsterdam Casualty Company, La.App., 80 So.2d 438 (1955).”
A factual situation somewhat similar to the present case was presented in Circello v. Haas & Haynie Corporation, 116 So.2d 144 (La.App. 1st Cir. 1959). There plaintiff had a pre-existing spinal deformity which he contended was aggravated, or accelerated by a back strain while at work. In holding plaintiff had not borne his burden of proving his back was any worse after the accident than before, the court stated the law as follows:
“There is little dispute as to the general principles applicable. As defendants contend, plaintiff bears the burden of proving that any present disability was caused by an accident at work. Fontenot v. Travelers Ins. Co., La.App. 1 Cir., 112 So.2d 175. As plaintiff contends, an injury is compensable if an incident at work precipitates or accelerates a pre-existing predisposition or disease into becoming a present disability, or contributes to activation of such a latent condition into disability. Cutno v. Neeb Kearney & Co., 237 La. 828, 112 So.2d 628; Hemphill v. Tremont Lumber Co., 209 La. 885, 25 So.2d 625; Talbot v. Trinity Universal Ins. Co., La.App. 1 Cir., 99 So.2d 811. Likewise, a residual condition is legally disabling and compensable if, as a residual from an accidental injury, the possibility of a reoccurrence of a disabling condition upon a return to work is substantially increased as a result of the accident, as compared with the danger of such occurrence being caused by performance of the work before the accident. McKnight v. Clemons, La.App. 1 Cir., 114 So.2d 114.”
In Bernard v. Louisiana Wild Life & Fisheries Commission, 152 So.2d 114 (La.App. 3rd Cir. 1963, writ denied) we stated the law as follows:
.“The established jurisprudence of this State is to the effect that in a compensation case, as in other cases, plaintiff bears the burden of proof, and he is required to establish his claim with reasonable certainty by a preponderance of the evidence. Caldwell v. Caldwell, La.App. 55 So.2d 258; Rowan v. Travelers Ins. Co., La.App., 111 So.2d 387. However, a claimant does not have to prove causal connec *472 tion to an absolute certainty; it is sufficient that he establish the cause of his injuries by a reasonable probability. Ellzey v. Fidelity & Casualty Co. of New York, La.App., 123 So.2d 593.”
Under the law, as set forth above, it is abundantly clear that plaintiff in the present case has failed to sustain his burden of proof. The treating physician and two specialists testified there was no causal connection between the accident and plaintiffs present disability. Only Dr. Dupre testified to' the contrary.
Plaintiff’s principal argument appears to be that he worked regularly with the air hammer up to the date of the accident, but has not been able to work since. From this he argues it must be presumed that the accident caused his present disability. This is indeed a factor to be considered, particularly in a case where the expert medical testimony is in substantial conflict or leaves serious doubt as to whether there was or was not a causal connection. See Nixon v. Pittsburgh Plate Glass Company, 161 So.2d 361 (La.App. 3rd Cir. 1963, writ refused). But in the present case the expert medical testimony shows by a great preponderance that this lung disease pre-existed the accident, and was not caused, activated, aggravated or accelerated by the accident. According to this expert medical testimony, plaintiff was disabled before the accident and he is disabled after the accident, but his condition is no worse than it was before. The only thing which resulted from the accident was that medical examinations in connection therewith revealed the disabling lung disease, of which plaintiff was previously unaware.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.