307 So.2d 395 (1975)
Johnnie May BRYANT, Plaintiff-Appellant,
v.
MAGNOLIA GARMENT COMPANY, INC., et al., Defendants-Appellees.
No. 12472.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1975.
*396 Hamilton & Sermons by Joel M. Sermons, Shreveport, for plaintiff-appellant.
Cook, Clark, Egan, Yancy & King by Sidney E. Cook, Shreveport, for defendants-appellees.
Before AYRES, HALL and DENNIS, JJ.
DENNIS, Judge.
In this suit plaintiff seeks workmen's compensation benefits because she allegedly contracted the occupational disease of "pneumoconiosis" and developed calcification in her lungs by inhaling particles of polyester cloth, dust and lint at her employer's garment plant.
The District Court rejected the plaintiff's demands, although she suffered from a disabling lung condition, for the reason that she failed to prove that she had contracted pneumoconiosis or that exposure to polyester materials caused her illness. We affirm the judgment of the trial court.
Pertinent to this case, the Workmen's Compensation Act, R.S. 23:1031.1 in part provides:
"A. Every employee who is disabled because of the contraction of an occupational *397 disease as herein defined, or the dependent of an employee whose death is caused by an occupational disease, as herein defined, shall be entitled to the compensation provided in this Chapter the same as if said employee received personal injury by accident arising out of and in the course of his employment.
"B. An occupational disease shall include only those diseases hereinafter listed when contracted by an employee in the course of his employment as a result of the nature of the work performed. * * *
"(1) Poisoning by or other disease resulting from contact with
* * * * * *
"(d) oxygen, nitrogen, carbon, and their compounds
* * * * * *
"(6) Pneumoconiosis."
* * * * * *
The purpose of R.S. 23:1031.1 is to relieve employees from the almost impossible task of proving an "accident" in connection with occupational diseases. LaCoste v. J. Ray McDermott & Company, Inc., 250 La. 43, 193 So.2d 779 (1967). An occupational disease claimant is not limited to recovery for diseases designated in the statute by name and may recover for poisoning or other disease resulting from contact with enumerated chemicals or compounds, even though the disease is not one of those named. Zeringue v. Fireman's Fund American Insurance Company, La. App., 271 So.2d 613 (1st Cir. 1972); Hicks v. Liberty Mutual Insurance Company, La.App., 165 So.2d 51 (2d Cir. 1964). However, the employee must prove that he is disabled because he contracted a compensable disease as a result of the nature of his work. LaCoste v. J. Ray McDermott & Company, Inc., supra; Homer v. Mississippi River Grain Elevator, Inc., La.App., 264 So.2d 246 (4th Cir. 1972).
The established jurisprudence of this State is to the effect that in a compensation case, as in other cases, plaintiff bears the burden of proof, and he is required to establish his claim with reasonable certainty by a preponderance of the evidence. Caldwell v. Caldwell, La.App., 55 So.2d 258 (2d Cir. 1950); Rowan v. Travelers Insurance Company, La.App., 111 So.2d 387 (Orl.Cir.1959). However, a claimant does not have to prove causal connection to an absolute certainty; it is sufficient that he establish the cause of his injuries by a reasonable probability. Ellzey v. Fidelity & Casualty Company of New York, La.App., 123 So.2d 593 (Orl.Cir.1960).
The factual issues presented to the court for determination are:
1. Whether plaintiff's condition was caused by inhalation of particles of polyester, dust and lint during the work she performed for the employer.
2. Assuming an affirmative answer to the first issue, did plaintiff's condition consist of (a) the designated occupational disease, pneumoconiosis, or (b) poisoning by or other disease resulting from contact with one of the chemicals or compounds listed in the compensation statute?
The plaintiff testified she worked at the employer's garment factory from November 11, 1968 through December 1, 1970. She said she first started having respiratory problems in the summer of 1969 when she began working on a "band machine" tacking and sewing bands for ladies' slacks. The bands, made of nylon and polyester, were cut to the proper size in the cutting room and passed on to the plaintiff. According to her testimony, she was exposed to large amounts of dust and lint from the *398 materials with which she worked. By 10:00 A.M. each work day her blouse and her machine were usually covered with lint. She said that from 1969 until the termination of her employment she suffered chronically from a sore throat. Due to persistence of this condition, she left her job with defendant on December 1, 1970, and had not returned at the date of the trial.
On the other hand, the employer's president testified that the plant in which plaintiff worked was the cleanest of its kind he had ever seen. Dr. Frank Collins, an Associate Professor of Chemistry at LSU-Shreveport, called by the defendant as an expert witness, testified that sutures made of polyester material could be tolerated by the human body better than most of those made of other substances. He also said polyester causes less lint than most other fabric materials. The engineering representative of the employer's insurer testified that he had inspected the employer's plant in October, 1971 and found it to be very clean and free of lint around the employees' machines.
In November of 1969, plaintiff went to Dr. L. Keith Mason, complaining of a severe sore throat. He diagnosed her condition as sinus and throat trouble and treated her accordingly. She was seen by Dr. Juan Watkins in April and May of 1970. He treated her for sore throat and a cough. On November 12, 1970, Mrs. Bryant was attended by Dr. Richard P. Bland. His diagnosis was chronic sinusitis, difficult breathing and deviated nasal septum. Dr. Bland performed a left radical maxillary sinusotomy on December 5, 1970, in an attempt to correct this condition. Chest x-rays taken at this time revealed scattered areas of calcification throughout both lungs. According to Dr. John Marshall of the Schumpert Hospital staff, this condition was "consistent with old healed histoplasmosis". On June 15 and 21, 1971, she was seen by Drs. Derald G. Kellett and Roy S. Bucy. She complained of chronic cough and chest pain. A bronchoscopy was performed and her condition was diagnosed as chronic bronchitis.
None of the plaintiff's five treating physicians diagnosed her condition as "pneumoconiosis" or as any other occupational disease designated in the statute. Nor did any of the physicians state that it was probable her condition was caused by any substance to which she was exposed in her work environment.
Dr. Frank Collins, the chemistry professor, testified that the polyester material with which plaintiff worked was an organic compound, that is, one containing carbon. As can be seen from the above quoted statute, poisoning or diseases resulting from contact with carbon or its compounds are compensable in certain instances. To recover under this provision, plaintiff must prove that her condition, or disease, was caused by contact with a carbon compound as a result of the nature of her work.
Dr. Bland, the only medical doctor whose testimony was taken, stated that he advised the plaintiff to discontinue her work at the garment factory because she said it exposed her to lint and dust. However, on one occasion, when asked if he could state whether her condition was caused by contact with such substances, he replied:
"As I so stated, I cannot say that her working in the garment factory caused it. . . it certainly didn't help it any, you see . . . because I don't know."
This reply was characteristic of his testimony in which he, in essence, stated that dust and lint were possible causes of plaintiff's condition, but that there were other possible causes, such as congenital and chronic sinus disease, air-borne fungus, allergic sinusitus, a congenital block of one bronchus, or trauma, none of which were related to the plaintiff's employment. In *399 fact, the doctor stated that even if the condition had been caused by dust and lint, it could have been due to dust and lint from an origin other than her employer's garment factory.
Several other doctors' reports were introduced as evidence. Dr. Mason's report indicated he felt she would experience trouble as long as she worked "in an area that is extremely dustysuch as the garment factory" but expressed no opinion as to the cause of her condition. Dr. Watkins expressed no opinion of the cause of her disease in his reports, but stated that her "complaints were not unlike many other patients who live in this area." Doctors Kellett and Bucy, in their report, did not attribute the plaintiff's condition to a particular cause or source.
From the evidence we conclude that it is possible the plaintiff's condition was caused by inhaling particles of polyester, dust and lint in her employer's garment plant; and that it is also possible she contracted the occupational disease of pneumoconiosis as a result of the nature of her work performed. However, the evidence clearly reflects that there were other possible causes of the plaintiff's condition not related to her employment. Moreover, her condition was subject to several possible diagnoses other than a finding of pneumoconiosis. Therefore, we conclude that plaintiff merely proved that the facts necessary to her recovery were possible, and that she failed to prove such facts by a preponderance of the evidence, or to prove that they were more probable than not, as she was required to do by law.
For these reasons, we conclude the trial court properly analyzed the evidence and reached a correct result in rejecting the plaintiff's demands. Its judgment is affirmed. Costs of the appeal are assessed to the plaintiff.
Affirmed.