REDMANN, Judge.
Defendant appeals from a judgment awarding workmen’s compensation benefits for total and permanent disability from silicosis, plus penalty and attorney’s fees. We affirm.
Plaintiff’s pre-employment medical examination, including chest-x-ray, for a business entity related to defendant, did not indicate silicosis. Thus he proved contracting it at defendant’s work.
The medical evidence is that plaintiff’s “early silicosis which may or may not *262 be complicated by a mycobacterial infection” presently causes “no impairment of lung function”; “no limitation of exercise tolerance is anticipated. [Plaintiff] should not return to sandblasting activity where additional silica exposure is probable but should otherwise be able to effectively engage in a wide variety of occupational activities, including those requiring moderately heavy physical exertion.”
Defendant argues that the trial court’s award of total and permanent disability is irreconcilable with Chivoletto v. Johns-Manville Prod. Corp., La.1976, 330 So.2d 295. We disagree.
Our plaintiff’s injury occurred prior to the 1975 amendment of R.S. 23:1221, and it is therefore governed by the more liberal prior jurisprudence on total and permanent injury which controlled Chivoletto.
Our plaintiff’s silicosis has apparently had a lesser physiological effect than Chivo-letto's asbestosis. But it has had a greater economic effect in that it has caused a very substantial reduction in plaintiff’s earnings (while Chivoletto’s earnings increased); and it has had a greater legal effect, in that our plaintiff is now disabled to perform the skilled or semi-skilled work of sandblaster-painter, while Chivoletto was not disabled as the common laborer he was held to be (including when he “was in time a lathe operator, fashioning asbestos pipe . .,” 330 So.2d at 297).
Whether plaintiff was a skilled or semiskilled laborer is decisive of the case. If he has suffered only a serious permanent impairment of lung function, he might be entitled to 100 weeks at $65 under § 1221(4)(p). Or if he has suffered an impairment of earning due to a permanent partial disability, he might be entitled (under the prior law) to 300 weeks at two thirds of the difference between wages pre-injury and post-injury. (In either of these two cases, his ultimately anticipated permanent total disability from the silicosis could entitle him to 400 weeks less “credit for payments made,” Chivoletto, 330 So.2d at 299.) But if plaintiff is a skilled or semiskilled worker whose silicosis disables him from doing without danger the work for which his training, education and experience qualify him, he is deemed totally disabled; Lawless v. Steel Erectors, Inc., 1969, 254 La. 37, 222 So.2d 849.
We accept the trial judge’s evident conclusion that plaintiff was a skilled worker as sufficiently supported by the evidence of the nature of his work as a sandblaster and his years of experience at that work, especially in the light of the wages he earned: common laborers did not, as a rule, earn $15,727 in 1972 as did plaintiff.
We also affirm the award of penalty and attorney’s fees. The undisputed medical evidence showed that plaintiff could not return to “sandblasting activity” and it was therefore evident that at least a partial disability existed. An offer of partial disability benefits was the minimal reasonable reaction to plaintiff’s demand. Such an offer would have prevented the imposition of penalty and attorney’s fees under R.S. 22:658, even though we find total disability. But we find no “probable cause,” § 658, for failure to pay any compensation whatsoever. Defendant’s assertion that it viewed plaintiff as able to return to his “sandblaster-foreman ” work because not exposed to silica as foreman is not reasonable, in view of the evidence that plaintiff was a working “foreman” for a small, new company. Similarly unreasonable because unsupported by the record is defendant’s suggestion that plaintiff might not have been entitled to workmen’s compensation because some of his work was on offshore installations.
Affirmed.
STOULIG, Judge, concurring.
I concur.