DUPLANTIER, Judge.
During exploratory surgery, two small nodules were removed from one of plaintiff’s lungs. Both developed as a result of his long term exposure to silica and asbestos during his 11 years of employment at defendant’s plant.
The surgery was successful, and plaintiff returned to his regular employment within a few weeks. Except for this postoperative period, plaintiff missed no time from work. Medical expenses and workmen’s compensation benefits during the period of plaintiff’s absence from work were paid by his employer.
Plaintiff sued for additional workmen’s compensation benefits, contending primarily that, even though he is not disabled from performing his occupation, the occupational disease which he developed as a result of his employment left him with a serious permanent impairment of a physical function, entitling him to benefits under R.S. 23:1221(4)(p).
Plaintiff’s contention is that even though an employee is not occupationally disabled, “where the usefulness of a physical function is seriously permanently impaired”[1] as a result of an occupational disease, the employee is entitled to recover “schedule” benefits under R.S. 23:1221(4)(p), “the same as if said employee received personal injury by accident arising out of and in the course of his employment.” (R.S. 23:1031.1)[2]
The district court, in dismissing plaintiff’s suit without prejudice, obviously concluded that there was no proof that plaintiff at the time of trial was either occupationally disabled or had a serious permanent impairment of a physical function. The evidence supports this conclusion. Plaintiff’s recov *428 ery was complete, with virtually no impairment of physical function.[3]

AFFIRMED.

. R.S. 23:1221(4)(p).

. See LaCoste v. J. Ray McDermott & Co., 250 La. 43, 193 So.2d 779 (1967); Chivoletto v. *428 Johns-Manville Products Corp., La., 330 So.2d 295 (1976).

. Therefore, we do not consider whether R.S. 23:1031.1, in granting benefits to “every employee who is disabled because of the contraction of an occupational disease” (emphasis added) restricts recovery to employees who are either partially or totally disabled from performing the duties of their former employment, or whether that use of the term “disabled” includes a serious impairment of a physical function which does not prevent the claimant from working at his former job and which would entitle him to “schedule” benefits if the impairment were produced by accident rather than disease.