SCHOTT, Judge.
Plaintiff is a 68 year old retiree seeking worker’s compensation. He claims to be disabled from lung disease he contracted while working for defendant, Todd Shipyards, Inc., from 1927 to 1946 and from 1962 to 1971. The trial court dismissed his case because he did not establish that he was disabled as a result of his employment. Plaintiff has appealed. The issues are whether there is manifest error in the trial court’s factual conclusions and whether the facts entitle plaintiff to recover as a matter of law.
*1257 Plaintiff worked in proximity to sandblasting on a regular basis while employed by defendant and was regularly exposed to asbestos while working for Celotex Corporation for the years intervening his employment by defendant. In 1971 he suffered an ankle injury and left defendant’s employment because he could no longer perform the work required of him. He never worked thereafter and was retired on social security in due course.
In January, 1982 plaintiff consulted Dr. William Long, a family physician, complaining of excessive weight, shortness of breath, swelling of the feet, and pain in the chest. Upon examination he was found to have hypertension, chronic lung disease, and pulmonary fibrosis. He was given medication for his blood pressure and a diuretic to reduce fluid. After three visits his blood pressure and swelling were under control. Dr. Long did not find that plaintiff had any physical impairment from his lung disease.
In June, 1982 plaintiff consulted Dr. Morton Brown, a specialist in internal medicine and pulmonary diseases. Plaintiff complained of shortness of breath, chest pains with exercise, and a persistent cough. He disclosed he had smoked for fifty years. Chest x-rays revealed much interstitial fibrosis characteristic of pneumoconiosis. However, plaintiffs pulmonary function tests produced normal results. When asked whether plaintiff had any physical impairment of his lungs Dr. Brown stated, “that he does have physical impairment with exertion by subjective evidence, and the x-ray changes I chose to believe that when he does do physical exertion, he does get tired easily and breathless.” Dr. Brown testified that clinical tests administered to plaintiff produced normal results except that his heart was borderline for artery disease and that this condition was not significant but was consistent with his age. Finally, Dr. Brown had no objective findings to indicate that plaintiff’s lung disease was progressive during the two years he saw the patient.
Defendant had plaintiff examined in September, 1983 by Dr. Brooks Emery, a specialist in pulmonary diseases. He conducted tests on plaintiff which showed his breathing capacity to be above normal. From this Dr. Emery opined that plaintiff’s lung was not the limiting organ for his shortness of breath. Asked whether plaintiff had any impairment to his body, Dr. Emery stated plaintiff had only a mild reduction of oxygen which was attributable to obesity. Dr. Emery found from x-rays some granuloma changes which could be consistent with scarring on the lung and which could have resulted from “dust environment” among a “multitude of potentialities.” He did not diagnose silicosis because the lungs did not contain massive fibrosis and gross modular changes although what changes were there were consistent with silica.
In dismissing plaintiff’s case the trial court cited Chivoletto v. Johns-Manville Products Corp., 330 So.2d 295 (La.1976) and LaCoste v. J. Ray McDermott Co., 250 La. 43, 193 So.2d 779 (1967) after stating that plaintiff failed to prove his disability. In LaCoste the court found that plaintiff had silicosis but was not entitled to compensation because he was not disabled by the disease. In Chivoletto the court found plaintiff had asbestosis but was not disabled. Since the trial judge referred to these cases he must have been convinced that plaintiff had silicosis but he was not disabled by the disease.
The record supports this conclusion. While Dr. Emery seemed to think plaintiff’s case was mild, in the final analysis he thought the disease was there. However, Dr. Emery did not consider plaintiff physically disabled from the disease. Dr. Brown who was certain plaintiff had the disease could not explain how plaintiff could be disabled without any abnormal results in pulmonary function tests.
Plaintiff relies heavily on testimony by both physicians that they would not permit plaintiff to return to work in a dusty or silica laden environment and argues that his inability to return to the work he was *1258 doing is proof in itself of total and permanent disability under the law prevailing when he became disabled. However, this same argument was made in Chivoletto, was rejected by the court’s majority, and was the very point made by the dissenters.
. Additionally, plaintiffs case contains an ingredient which makes his right to recover even more doubtful. Plaintiff has not worked since 1971 when he left because of an ankle injury. He has since retired from the work force. Yet, he seeks compensation benefits on the theory that he is presently disabled from work because of a lung disease. While the physicians who testified agreed that a man with silicosis should not work in a silica laden atmosphere they would probably agree also that an obese, sixty-eight year old with a heart condition shouldn’t work there either. The dissenters in Chivoletto argued: “As a result of the employment-caused disease the plaintiff can never return to work in the asbestos field.” The same cannot be said for the present plaintiff. He left the silica field because of an ankle injury, stayed away because he elected to retire and can never return because of his age.
Next, plaintiff contends that Fluker v. Wooten International Enterprises, Inc., 342 So.2d 261 (La.App. 4th Cir.) mandates a reversal of the judgment. However, the cases are distinguishable. Fluker was a sandblaster and was specifically characterized as a skilled worker. Plaintiff, like Chivoletto, is a common laborer and is not so readily classified as permanently and totally disabled just because he cannot work in a silica laden atmosphere.
Finally, plaintiff argues entitlement to benefits under LSA-R.S. 23:1221(4)(p) “where the usefulness of a physical function is seriously permanently impaired.” However neither physician testified that plaintiff's lung function was impaired. On the contrary their pulmonary function tests produced normal or above normal results.
Accordingly, the judgment is affirmed at plaintiff’s cost.
AFFIRMED.