ON APPLICATION FOR REHEARING

2GAIDRY, J.
The City of Baton Rouge (the City) appealed the decision of the Office of Workers’ Compensation (OWC) finding that plaintiff Arthur Box’s claim for benefits had not prescribed and awarding Box medical benefits. Box answered the appeal and asserted that the workers’ compensation judge (WCJ) erred in failing to award penalties and attorney fees under La. R.S. 23:1201(F).
This court found that there was no exception of prescription filed in the record, and therefore the issue of prescription was not properly before us. In addition, we concluded that since the plaintiff failed to raise the issues of penalties and attorney’s fees in the OWC proceeding, they were not properly before us. In a written opinion by this court dated January 15, 2003, we vacated the portions of the OWC judgment denying the defendant’s exception of prescription and denying plaintiff disability benefits,[1] and affirmed the award of medical benefits.
*407 In its application for rehearing, the City of Baton Rouge pointed out that a -written exception of prescription had in fact been filed with the OWC, but had inadvertently been omitted from the appellate record. Following supplementation of the record with the omitted pleading, we grant rehearing on the issue of prescription and affirm the decision of the OWC denying the City’s exception of prescription.
| .DISCUSSION
The relevant factual and procedural history have already been set forth in a prior opinion and are not repeated herein. See Box v. City of Baton Rouge, 02-0198 pp. 2-3, 846 So.2d 13, 14, 2003 WL 122584 (La.App. 1st Cir.2003). The WCJ found that Mr. Box’s claim was not prescribed under La. R.S. 23:1031.1 because he was not yet disabled as of the time of the trial. The OWC committed legal error in applying La. R.S. 23:1031.1 to Mr. Box’s claim for medical benefits. Appellate review of a question of law is simply a decision as to whether the lower court’s decision is legally correct or incorrect. Phoenix Assur. Co. v. Shell Oil Co., 611 So.2d 709, 712 (La.App. 4 Cir.1992). If the trial court’s decision was based upon its erroneous application of law, rather than on a valid exercise of discretion, the trial court’s decision is not entitled to deference by the reviewing court. Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1071-1072 (La.1983). In fact, when an appellate court finds that a reversible error of law or manifest error of material fact was made in the lower court, it must redetermine the facts de novo from the entire record and render a judgment on the merits. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
Louisiana Revised Statutes 23:1031.1(E) provides the prescriptive period for “all claims for disability arising from an occupational disease.” (Emphasis added). Therefore, the prescriptive period set forth in La. R.S. 23:1031.1 applies only to claims for disablement; an employee who is not disabled, although he knows he has contracted an occupational disease, is not required under a proper interpretation of La. R.S. 23:1031.1 to file his claim within the period set forth therein because, unless he is disabled, he has no cause of action for recovery under that statute. LaCoste v. J. Ray McDermott & Co., 250 La. 43, 193 So.2d 779, 782-83 (1967). An award of medical [ ¿benefits under La. R.S. 23:1203 is separate and distinct from an award of disability benefits and does not require proof of disability. An injured employee’s entitlement to benefits for medical expenses exists even if he returns to work, provided he requires medical treatment for the work-related injury; however, an injured employee’s entitlement to disability benefits is triggered only upon a showing of disability. Jacquet v. Southern Structures, Inc., 97-1696, p. 8 (La.App. 3 Cir. 5/20/98), 713 So.2d 723, 728. Since Mr. Box filed only a claim for medical benefits, and not for disability benefits, the prescriptive period provided by La. R.S. 23:1031.1(E) for “all claims for disability” is not applicable to his claim, and the OWC committed legal error by applying it.
The appropriate prescriptive period to apply to Mr. Box’s claim for medical benefits is contained in La. R.S. 23:1209(C):
All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the *408 accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
(Emphasis added).
Under this statute, a longer prescriptive period applies when medical benefits have already been paid for the injury or occupational disease at issue. Whether or not such medical payments were made in this case was disputed at trial. Laurie Owens, a claims adjustor for the City of Baton Rouge, testified at the trial of this matter that the only bills paid by the City for Mr. Box were a bill for medical records and another bill for an office visit that she understood at the time to be a bill for medical records. Frank McStravick, the Workers’ Compensation supervisor for the City of Baton LRouge, testified that the bill for the office visit was submitted on the proper health insurance claim form indicating an office visit and that the Louisiana Workers’ Compensation Corporation reviewed the bill and recommended payment; however, he testified that this payment was made inadvertently. Shirley Walton, a representative of Louisiana Cardiology Associates, testified at trial that the bill paid by the City was in fact a bill for an office visit and that the office never charges for medical records on Workers’ Compensation claims. Ms. Owens, Mr. McStravick, and Ms. Walton all testified that the City does a large amount of business with Louisiana Cardiology Associates involving firemen making workers’ compensation claims under the Heart and Lung Act. The OWC did not address the issue of whether the City had made medical payments for purposes of extending the prescriptive period under La. R.S. 23:1209(C). Because there is sufficient evidence in the record for this court to make a determination, we will address this issue de novo.
Regardless of whether or not the City intended to make a payment for medical benefits related to Mr. Box’s heart condition, such a payment was in fact made on February 6,1998. A letter was introduced at trial from Kathy Giovingo, a prior claims adjustor handling Mr. Box’s case, to Louisiana Cardiology Associates advising them that the coverage once provided to Mr. Box had expired. The only explanation offered for why this letter was sent when Mr. Box was never afforded coverage by workers’ compensation was Mr. McStravick’s testimony that Ms. Giovingo was ill and did not follow instructions. No evidence was presented at trial to prove that the City was led to believe that the bill was one for medical records, aside from the self-serving testimony of the defendant’s employees. Furthermore, the City has dealt with Louisiana Cardiology Associates on many occasions and would [¿not be unfamiliar with its billing practices. Therefore, we find that the record supports the conclusion that the City made a payment for medical benefits relating to Mr. Box’s heart condition. As such, under La. R.S. 23:1209(C), Mr. Box had three years from February 6, 1998, the date that the last payment for medical benefits was made, to file a formal claim. Therefore, Mr. Box’s claim filed December 5, 2000 was timely. Although the WCJ applied an incorrect prescriptive statute, we find under an application of the correct statute on de novo review that the OWC was correct in denying the City’s exception of prescription.
DECREE
For the above 'and foregoing reasons, on rehearing we reinstate that portion of the *409 OWC ruling denying defendant’s exception of prescription and affirm. Costs of this appeal are assessed against the defendant.
REHEARING GRANTED IN PART; ORIGINAL OWC RULING REINSTATED IN PART AND AFFIRMED.
KUHN, J., concurs.

. The WCJ found that plaintiff was not entitled to disability benefits. We vacated this portion of the judgment because Mr. Box neither pleaded nor requested an award of dis *407 ability benefits. Since not procedurally raised by the parties, the issue of plaintiff’s entitlement to disability benefits was not before the OWC. Thus, the express denial of disability benefits was error.