889 So.2d 300 (2004)
Leslie MITCHELL
v.
GAYLORD CONTAINER.
No. 2003 CA 2762.
Court of Appeal of Louisiana, First Circuit.
October 29, 2004.
Rehearing Denied December 28, 2004.
*301 James W. Burdette, II, Bogalusa, Counsel for Plaintiff/Appellant Leslie Mitchell.
Natasha Z. Wilson, Mark T. Garber, New Orleans, Counsel for Defendants/Appellees Continental Casualty Company, Travelers Insurance Company, Gaylord Container Corp., and Liberty Mutual Insurance Co.
Before: CARTER, C.J., PETTIGREW, and MCDONALD, JJ.
MCDONALD, J.
This is a workers' compensation case. The issue is whether the plaintiff is entitled to medical benefits for silicosis, a work-related condition that is not disabling in this case.
The claimant, Leslie Mitchell, began working for a Bogalusa paper mill in 1966. This company eventually became Gaylord Container Corporation (hereafter Gaylord). He spent five years as a re-winder working with the paper rolls, then seven years on the paint crew working as an abrasive blaster for about one-third of that time. The abrasive material he blasted was white sand, and most of the work was done outdoors. As a sandblaster, Mr. Mitchell wore a desert hood (a canvas hood with a plastic face shield), then later, an air-supplied hood. Thereafter, Mr. Mitchell worked at the plant as a millwright.
Mr. Mitchell was diagnosed with silicosis in 1989, which was caused by his work. Gaylord voluntarily paid all medical expenses related to the silicosis and the collateral effects of this illness. Gaylord paid approximately $31,000.00 for the medical expenses related to silicosis until July 2001, when it stopped paying. Gaylord's payments continued after Mr. Mitchell retired, in December of 1994, when he took disability retirement due to a low back injury that he incurred while working at Gaylord.
On March 14, 2002, Mr. Mitchell filed a disputed claim for compensation against Gaylord. Mr. Mitchell asserted he had been paid medical benefits from 1989 through July 2001 for treatment of silicosis and recurring respiratory problems. Mr. Mitchell sought medical benefits, along with court costs, penalties, and attorney's fees. He later amended the complaint to add Travelers' Insurance Company, Continental Casualty Company, and Liberty Mutual Insurance Company as defendants. All three of these companies were provided workers' compensation insurance to Gaylord at some time while Mr. Mitchell worked there.
Continental Casualty Company and Travelers' Insurance Company filed peremptory exceptions raising the objections of no cause of action, no right of action, and prescription.[1] A hearing was held on the exceptions on August 1, 2003. Thereafter, the workers' compensation judge rendered judgment dismissing Mr. Mitchell's claim, finding that he had failed to disclose a right of action pursuant to the conjunctive provisions of La. R.S. *302 23:1031.1(A). Mr. Mitchell filed a motion for new trial, which was denied. Mr. Mitchell is appealing the judgment that dismissed his claim.

THE STANDARD OF REVIEW
Appellate review of questions of law is simply to determine whether the trial court was legally correct or legally incorrect. If the trial court's decision was based on its erroneous interpretation or application of law, rather than a valid exercise of discretion, such incorrect decision is not entitled to deference by the reviewing court. Citgo Petroleum Corp. v. Frantz, XXXX-XXXX, pp. 3-4 (La.App. 3 Cir. 6/4/03), 847 So.2d 734, 736, writ denied, XXXX-XXXX (La.10/31/03), 857 So.2d 484.

THE APPLICABLE LAW
Louisiana Revised Statute 23:1031.1 provides in part:
A. Every employee who is disabled because of the contraction of an occupational disease as herein defined, or the dependent of an employee whose death is caused by an occupational disease, as herein defined, shall be entitled to the compensation provided in this Chapter the same as if said employee received personal injury by accident arising out of and in the course of his employment.
B. An occupational disease means only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease. Occupational disease shall include injuries due to work-related carpal tunnel syndrome. Degenerative disc disease, spinal stenosis, arthritis of any type, mental illness, and heart-related or perivascular disease are specifically excluded from the classification of an occupational disease for the purpose of this Section.
....
E. All claims for disability arising from an occupational disease are barred unless the employee files a claim as provided in this Chapter within one year of the date that:
(1) The disease manifested itself.
2) The employee is disabled from working as a result of the disease.
(3) The employee knows or has reasonable grounds to believe that the disease is occupationally related.
Louisiana Revised Statute 23:1203(A) provides:
In every case coming under this Chapter, the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal, and shall utilize such state, federal, public, or private facilities as will provide the injured employee with such necessary services. Medical care, services, and treatment may be provided by out-of-state providers or at out-of-state facilities when such care, services, and treatment are not reasonably available within the state or when it can be provided for comparable costs.
The exception raising the objection of no right of action challenges whether plaintiff has an actual interest in bringing the action. La. C.C.P. art. 927A(5). Whether a person has a right of action depends on whether the particular plaintiff belongs to the class in whose favor the law extends a remedy and raises the issue of whether plaintiff has the right to invoke a remedy that the law extends only conditionally. In other words, an exception raising the objection of no right of action asks whether the plaintiff has an interest in judicially *303 enforcing the right asserted. Northshore Capital Enterprises v. St. Tammany Hospital District # 2, XXXX-XXXX, p. 4 (La.App. 1 Cir. 6/21/02), 822 So.2d 109, 112, writ denied, 2002-2023 (La.11/1/02), 828 So.2d 584.

ANALYSIS
The workers' compensation judge found that Mr. Mitchell failed to state a right of action under La. R.S. 23:1031.1(A) because he failed to prove he was disabled by silicosis. However, Mr. Mitchell asserts that the issue of disability is not dispositive of whether he is entitled to medical benefits. He argues that an award of medical benefits under La. R.S. 23:1203 is separate and distinct from an award of disability benefits and does not require proof of disability, citing Box v. City of Baton Rouge (on rehearing), XXXX-XXXX (La.App. 1 Cir. 4/2/03), 844 So.2d 405, and Price v. City of New Orleans, 95-1851 (La.App. 4 Cir. 3/27/96), 672 So.2d 1045, writ denied, 96-1016 (La.10/25/96), 681 So.2d 360.
In Box, there was a dispute over the applicable prescriptive period for a workers' compensation claim arising from an occupational disease. Mr. Box sought only medical benefits; he did not plead or request an award of disability benefits.
Mr. Mitchell cites the following from Box in support of his argument:
Louisiana Revised Statutes 23:1031.1(E) provides the prescriptive period for "all claims for disability arising from an occupational disease." (Emphasis added.) Therefore, the prescriptive period set forth in La. R.S. 23:1031.1 applies only to claims for disablement; an employee who is not disabled, although he knows he has contracted an occupational disease, is not required under a proper interpretation of La. R.S. 23:1031.1 to file his claim within the period set forth therein because, unless he is disabled, he has no cause of action for recovery under that statute. LaCoste v. J. Ray McDermott & Co., 250 La. 43, 193 So.2d 779, 782-83 (1967).
Box, XXXX-XXXX, p. 3, 844 So.2d at 407.
In their response brief to this court, the appellees assert that Box actually supports their position, relying upon the phrase "unless [the claimant] is disabled, he has no cause of action for recovery under that statute." Box, XXXX-XXXX, p. 3, 844 So.2d at 407.
However, the Box court also goes on to find:
An award of medical benefits under La. R.S. 23:1203 is separate and distinct from an award of disability benefits and does not require proof of disability. An injured employee's entitlement to benefits for medical expenses exists even if he returns to work, provided he requires medical treatment for the work-related injury; however, an injured employee's entitlement to disability benefits is triggered only upon a showing of disability.
Box, XXXX-XXXX, pp. 3-4, 844 So.2d at 407.
Thus, the Box case supports Mr. Mitchell's argument that his entitlement to medical benefits is not dependent upon a showing of disability.
Likewise, in Price the court directly addressed an exception raising the objection of no cause of action because the claimant seeking medical benefits was not disabled by the occupational disease as required by La. R.S. 23:1031.1. In Price, the court stated:
During oral argument the City raised the exception of no cause of action arguing that medical expenses are not payable because Price is not disabled. Relying on La Coste v. J. Ray McDermott & Co., supra, the City contends that, as *304 a matter of law, it cannot be responsible for medical expenses under the Worker's Compensation Act until a claimant suffers a disability. We disagree.
In La Coste, the plaintiff sought disability benefits under the compensation statute because he had contracted the occupational disease of silicosis. The court rejected his claim because he continued performing his same job, apparently with no difficulties, and thus was not disabled. There was no claim made for medical benefits and hence that issue was not addressed.
The court, in Graham v. Georgia-Pacific Corp., 26,165 (La.App. 2nd Cir.9/23/94), p. 7, 643 So.2d 352, 358 recognized that a claimant's right to medical benefits is separate and distinct from his right to compensation and that "the claimant may recover medical expenses even though he is no longer entitled to weekly compensation." We agree with that principle. It is not necessary that a claimant seek disability benefits as a prerequisite to obtaining medical benefits. The exception of no cause of action is overruled.
Price, 95-1851, p. 14, 672 So.2d 1045, 1052.
Price also supports Mr. Mitchell's argument that his entitlement to medical benefits is not dependent upon a showing of disability. While the appellees make a persuasive argument that La. R.S. 23:1031.1 requires that the occupational disease be disabling before the worker is entitled to any benefits, the Box and Price cases have clearly rejected this theory.
Considering the jurisprudence, we find that the workers' compensation judge committed legal error in sustaining the exception raising the objection of no cause of action. Therefore, we reverse the lower court judgment. Costs are assessed against the defendants/appellees, and the case is remanded to the office of workers' compensation administration for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Liberty Mutual and Gaylord did not file peremptory exceptions.