998 So.2d 301 (2008)
Tracie L. RUSSELL
v.
REGENCY HOSPITAL OF COVINGTON, LLC.
No. 2008 CA 0538.
Court of Appeal of Louisiana, First Circuit.
November 14, 2008.
Rehearing Denied December 15, 2008.
*302 Ben E. Clayton, Slidell, LA, for Plaintiff-Appellant, Tracie L. Russell.
Kirk L. Landry, Baton Rouge, LA, for Defendants-Appellees, Regency Hospital of Covington, LLC and American Casualty Co.
Before PETTIGREW, McDONALD, and HUGHES, JJ.
PETTIGREW, J.
Claimant appeals from a judgment of the Office of Workers' Compensation Administration *303 ("OWCA"), which awarded medical benefits, medical reimbursement, penalties and attorney fees in favor of claimant. Claimant's employer and its insurer have filed a timely answer to the appeal. For the following reasons, we vacate the judgment in part, and render; and amend in part, and as amended, affirm the awards of medical benefits, medical reimbursement, penalties and attorney fees.

FACTS
Trade Lynn Russell, claimant herein, has been a licensed, certified nursing assistant since December 1993, and commenced employment as a patient care technician by Regency Hospital in Covington, Louisiana on January 5, 2005. In the early morning hours of June 4 or 5, 2005, Ms. Russell sustained an injury as she assisted a registered nurse in lifting and turning an obese patient at the hospital. Ms. Russell alleged that as she assisted in lifting and turning the patient, she heard three "popping" noises coming from her left shoulder. Thereafter, Ms. Russell attempted to contact her nursing supervisor, but being unsuccessful, she sought treatment the following afternoon from her regular physician, Dr. Roy Saguigiut. According to Ms. Russell, Dr. Saguigiut diagnosed her as having sustained a sprain to her trapezius muscle. When the nursing supervisor returned her calls, Ms. Russell testified that she filled out the necessary paperwork, and was later sent to be evaluated by Dr. Mohammed Yousuf. Dr. Yousuf also diagnosed Ms. Russell's condition as a sprained trapezius muscle. Ms. Russell continued to work during this time.
Ms. Russell recalled that around November or December of 2005, Dr. Yousuf referred her for treatment with Dr. Mark Hontas, an orthopedist. In connection with one such visit, Ms. Russell testified that she tendered a co-payment of $30.00. Ms. Russell also testified that in August 2006, she was notified in a letter of the termination of her employment by Regency Hospital. Following a visit in November 2006, Ms. Russell was discharged[1] by her physical therapist.
In connection with her testimony at trial, Ms. Russell admitted that she did not seek medical treatment between November 2006 and June 2007. In June 2007, Ms. Russell claimed that she was advised by Belinda Brown, a claims adjuster with American Casualty Company ("American Casualty"), the insurer of Regency Hospital, that due to the termination of her employment, her entitlement to further medical benefits ended. Until that time, American Casualty had paid for Ms. Russell's treatment with physicians, including Dr. Hontas.
Due to the refusal of Regency Hospital and American Casualty (collectively, "defendants") to authorize medical treatment, Ms. Russell filed a Disputed Claim for Compensation with the OWCA on June 12, 2007, wherein she asserted a claim for medical treatment, statutory penalties and reasonable attorney fees. Ms. Russell concedes that although her claim for disability or "indemnity" benefits has prescribed, she asserts that her claim for medical benefits remains viable. Ms. Russell testified that approximately a month after retaining an attorney she received a letter from American Casualty advising that there must have been a misunderstanding on her part, and medical benefits resumed.
*304 On December 4, 2007, defendants filed a Motion In Limine precluding the introduction, at the trial of this matter, of issues, witnesses and exhibits related to the treatment of Ms. Russell, or her claimed entitlement to statutory penalties and attorney fees.
A trial was held in this matter on December 5, 2007. At trial, a June 11, 2007 letter from Ms. Russell's attorney that was mailed and faxed to Ms. Brown of American Casualty advising of the attorney's representation and requesting reimbursement of a $30.00 medical co-payment was introduced as "Claimant's Exhibit # 1."
Following the trial and a review of the exhibits and testimony, the workers' compensation judge ("WCJ"), on December 19, 2007, signed a judgment denying the Motion In Limine filed by defendants. The aforementioned judgment further held that as alleged by Ms. Russell, there was a gap by defendants in the payment of medical expenses, and that said gap was without legal justification or cause. The WCJ also found that Regency Hospital had offered no evidence to suggest that its refusal to pay medical benefits was legally justifiable, or that its actions should not be sanctioned through the imposition of statutory penalties.
The WCJ awarded Ms. Russell a statutory penalty of $2,000.00 based upon the unjustified failure by defendants to authorize and pay for treatment with Dr. Mark Hontas, the physician chosen by Ms. Russell. The WCJ ordered Regency Hospital to authorize and pay the reasonable cost of treatment by Dr. Mark Hontas, subject to the applicable OWCA fee schedule, and awarded Ms. Russell's attorney a fee of $750.00 in connection with the failure of defendants to authorize and pay for the aforesaid treatment. In addition, the WCJ ordered defendants to reimburse Ms. Russell the sum of $30.00, representing her out-of-pocket insurance co-payment. Finally, the WCJ further awarded Ms. Russell's attorney an additional attorney's fee of $250.00 in connection with the failure of defendants to tender the aforementioned $30.00 reimbursement. From this judgment, Ms. Russell has appealed, and defendants have timely answered the appeal.

ISSUES
In connection with her appeal in this matter, Ms. Russell presents the following issues for review and consideration by this court:
1) Whether or not the trial court erred in awarding only $750.00 as an attorney's fee in connection with the failure and refusal of defendants to approve medical treatment;
2) Whether or not the trial court erred in awarding only $250.00 as an attorney's fee in connection with non-payment of a $30.00 reimbursement sought by Ms. Russell; and
3) Whether or not the trial court should have awarded statutory penalties in connection with the failure and refusal of defendants to make the requested $30.00 reimbursement to Ms. Russell.
The defendants, in their answer to Ms. Russell's appeal, have set forth the following issues for review and consideration by this court:
1) Whether the trial court committed legal error in assessing two separate attorney fees, where the Workers' Compensation statutes allow a maximum of one;
2) Whether the trial court erred in allowing Ms. Russell to present a claim at trial that was not timely provided to defendants by way of pleadings or discovery; and

*305 3) Whether the trial court committed manifest error or otherwise abused its discretion in awarding any penalty or attorney fee in connection with this claim.

STANDARD OF REVIEW
Factual findings in a workers' compensation case are subject to the manifest error standard of review. McCray v. Delta Industries, Inc., XXXX-XXXX, p. 4 (La. App. 1 Cir. 9/28/01), 809 So.2d 265, 269. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. Thus, "[if] the [fact finder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Sistler v. Liberty Mutual Insurance Company, 558 So.2d 1106, 1112 (La.1990). Consequently, when there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous. Bolton v. B E & K Construction, XXXX-XXXX, p. 7 (La.App. 1 Cir. 6/21/02), 822 So.2d 29, 35.
On the other hand, appellate review of a question of law is simply to determine whether the trial court was legally correct. Sumrall v. Bickham, XXXX-XXXX, p. 7 (La. App. 1 Cir. 9/8/04), 887 So.2d 73, 78, writ denied, 04-2506 (La.1/7/05), 891 So.2d 696. If the trial court's decision is based on its erroneous interpretation or application of law, rather than a valid exercise of discretion, such incorrect decision is not entitled to deference by the reviewing court. Mitchell v. Gaylord Container, 2003-2762, p. 3 (La.App. 1 Cir. 10/29/04), 889 So.2d 300, 302, writ denied, 05-0215 (La.4/1/05), 897 So.2d 608. Thus, where one or more legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court conducts its own independent de novo review of the record. Evans v. Lungrin, 97-0541, pp. 6-7 (La.2/6/98), 708 So.2d 731, 735. Legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial, i.e., when they materially affect the outcome and deprive a party of substantial rights. Evans, 97-0541 at 7, 708 So.2d at 735.
The first two issues raised by Ms. Russell in connection with her appeal in this matter question the amounts awarded by the WCJ as attorney's fees in connection with the failure of defendants to approve medical treatment, and secondly, to reimburse Ms. Russell for a $30.00 out-of-pocket expense. The defendants also raise the propriety of attorney's fees in their answer to appeal as issues one and three. In its judgment in this matter, the WCJ awarded Ms. Russell attorney fees of $750.00 and $250.00 respectively with regard to the aforementioned claims. In her brief to this court, Ms. Russell relies upon Levitz Furniture Corporation v. Horne, 477 So.2d 824, 828 (La.App. 5 Cir.1985), writ denied, 481 So.2d 633 (La.1986) and Pekinto v. Olsten Corporation, 587 So.2d 68 (La.App. 4 Cir.1991), for the proposition that when attorney fees are awarded in a workers' compensation case because of arbitrary and capricious nonpayment of benefits, the attorney fees are deemed to be a penalty, and the value of the attorney's fees need not be proven. In response, defendants argue that the attorney fees awarded by the WCJ are not supportable herein and should be reversed.
*306 Defendants further argue that pursuant to La. R.S. 23:1201(J), the award of more than one attorney's fee constitutes legal error and must be reversed. La. R.S. 23:1201(J) provides:
Notwithstanding the fact that more than one violation in this Section which provides for an award of attorney fees may be applicable, only one reasonable attorney's fee may be awarded against the employer or insurer in connection with any hearing on the merits of any disputed claim filed pursuant to this Section, and an award of such singular attorney's fee shall be res judicata as to any and all conduct for which penalties may be imposed under this Section which precedes the date of the hearing.
This provision was added by Acts 2003, No. 1204 § 1.
In oral reasons for judgment, the WCJ stated:
It's a relatively simple situation. I simply in my discretion am going to deny the Motion in Limine. We're talking about a $30 copay [sic] reimbursement. Coincidentally to that, the Court would allow all the Plaintiff's exhibits to come into evidence 1 through 4. I find Ms. Russell's testimony to be credible.
I find that I am convinced that there was a gap in medical treatment and medical coverage and medical payment which was initiated by the refusal to authorize treatment on the part of the defense. This cannot under these circumstances be controverted by the defense. As a result, attorney services must be employed to have medical treatment and what have you reinstated.
I know that circumstances that Ms. Brown was involved in that are beyond our control and I'm sympathetic to that. But in any event, there must be an award of penalties in the amount of $2,000 for that violation as well as a $750 attorney's fee.
With regards to the $30 issue, I simply order that to be paid. Make that part of the judgment as together with the letter that was sent which is evidence that involvement was made in that regard as well. $250 attorney fees. There will be no penalty for that violation. Anything further gentlemen?
The WCJ's determination of whether an employer or insurer should be cast with attorney fees in a workers' compensation action is essentially a question of fact subject to the manifest error or clearly wrong standard of review. Handy v. TEMBEC, XXXX-XXXX, p. 9 (La.App. 1 Cir. 11/4/05), 927 So.2d 401, 407, writ denied, 2005-2495 (La.3/31/06) 925 So.2d 1260. In Metoyer v. Roy O. Martin, Inc., XXXX-XXXX, p. 4 (La.App. 3 Cir. 12/1/04), 895 So.2d 552, 565 (on rehearing), writ denied, XXXX-XXXX (La.6/3/05), 903 So.2d 467, the court held that La. R.S. 23:1201(J) was a substantive change in the law and could not be applied retroactive to the facts of its case and allowed an award of attorney's fees for each violation to be reinstated.
The facts of our case are subsequent to the passage of La. R.S. 23:1201(J) and the separate award of attorney's fees for each violation by the trial court is legal error. As an appellate court, we are required to conduct an independent de novo review of the record with respect to the issue of attorney's fees, and, if we can, to render judgment on the record by application of the correct law. Evans, 97-0541 at pp. 6-7, 708 So.2d at 735. Factors to be considered in the imposition of reasonable attorney's fees in worker's compensation cases include the degree of skill and work involved in the case, the amount of the claim, the amount recovered, and the amount of time devoted to the case. Metoyer, XXXX-XXXX, p. 10, 895 So.2d at 561.
*307 After a thorough review of the record and the oral reasons of the trial court, it is apparent that the trial court considered all relevant factors, but committed legal error in awarding two separate awards of attorney's fees in the amount of $750.00 and $250.00 for each violation. We therefore vacate the two awards for attorney's fees and render judgment in favor of Trade L. Russell and against Regency Hospital of Covington, L.L.C. and American Casualty, in the amount of $1,000.00 for attorney's fees together with legal interest from the date of the trial court's judgment until paid.
Based upon our review of the record before us, we cannot say that the WCJ was clearly wrong and that defendants were arbitrary and capricious in discontinuing Ms. Russell's medical benefits in failing to timely reimburse Ms. Russell for the out-of-pocket expenses.
The third issue raised by Ms. Russell concerns the WCJ's failure to award statutory penalties in connection with the defendants' failure to reimburse Ms. Russell for her insurance co-payment of $30.00. In support of this issue, Ms. Russell relies on La. R.S. 23:1201(F), which provides that a penalty equal to 12% of any unpaid medical benefit or $50.00 dollars per calendar day, whichever is greater, shall be assessed for each day in which any and all medical benefits remain unpaid, together with a reasonable attorney's fee for each disputed claim. The statute further provides that the $50.00 per day penalty shall not exceed a maximum of $2,000.00 in the aggregate for any claim.
In her brief to this court, Ms. Russell argues that as the right to reimbursement for the $30.00 co-payment was urged no later than June 11, 2007, the date that the demand letter was faxed to the claims adjuster by Ms. Russell's attorney, and reimbursement had not been tendered as of the December 5, 2007 trial date, the maximum penalty of $2,000.00 is applicable and should be assessed.
We agree. With respect to the defendants' failure to timely reimburse Ms. Russell for her $30.00 medical co-payment, the WCJ found a violation and awarded an attorney's fee, implying an arbitrary and capricious violation by defendants, but failed to impose a penalty. As the language of La. R.S. 23:1201(F) makes imposition of a penalty mandatory in instances where medical benefits have not been paid timely, we hereby amend the judgment and impose the statutorily-mandated penalty of $2,000.00 for the defendants' failure to timely reimburse Ms. Russell for her insurance co-payment of $30.00.
In their answer to the appeal, defendants raised the issue whether the trial erred in allowing Ms. Russell to present a claim for recovery of her $30.00 insurance co-payment contending that said claim was not provided to defendants timely. This was presented through defendants' motion in limine, which was denied by the trial court. The trial court's determination regarding what evidence is admissible for the trier of fact to consider and whether a plaintiff has sufficiently proven its case will not be overturned absent clear error. Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, XXXX-XXXX, p. 7 (La.App. 1 Cir. 2/23/04), 872 So.2d 1147, 1154. After a thorough review of the record and oral reasons given by the trial court, we cannot say that the trial court's ruling was manifestly erroneous and further, we find defendants' issue is without merit.

DECREE
For the above and foregoing reasons, we affirm the WCJ's judgment as it imposed a statutory penalty of $2,000.00 based upon *308 defendants' failure to authorize and pay for further medical treatment, and directed Regency Hospital to authorize and pay the reasonable costs of treatment by Dr. Hontas, subject to the applicable OWCA fee schedule.
We further amend the trial court's judgment and do render judgment in favor of Tracie Lynn Russell and against Regency Hospital and American Casualty for an additional $2,000.00 in statutory penalties for the failure to reimburse the $30.00 copayment made by Tracie Lynn Russell.
We vacate the two awards of $750.00 and $250.00 in attorney's fees to Ms. Russell's attorney and render judgment in favor of Tracie Lynn Russell and against Regency Hospital of Covington, L.L.C. and American Casualty, in the amount of $1,000.00 for attorney's fees together with legal interest from the date of the trial court's judgment until paid.
We further affirm the WCJ's judgment directing defendants to reimburse Ms. Russell for a $30.00 insurance co-payment based upon defendants' failure to tender timely reimbursement.
All costs associated with the instant appeal shall be assessed against defendants, Regency Hospital and American Casualty.
VACATED IN PART, AND RENDERED; AMENDED IN PART, AND AS AMENDED, AFFIRMED.
NOTES
[1] Ms. Russell testified at trial that following her accident, she was treated periodically by physicians and physical therapists.