RONA YOUNG KEMP, ROXANN YOUNG AND CARL YOUNG, INDIVIDUALLY AND AS LEGAL HEIRS OF MARTIN YOUNG
v.
CTL DISTRIBUTION, INC., ROGER A. MCLELLAND, AND JOHN DOE
No. 2009 CA 0061
Court of Appeals of Louisiana, First Circuit
September 11, 2009
Not Designated for Publication
ROBERT E. KLEINPETER, JAY G. McMAINS, Counsel for Plaintiffs/Appellees Rona Young Kemp, Roxann Young, and Carl Young, individually and as legal heirs of Martin Young
JAMES M. DILL, JOHN P. GUILLORY, Counsel for Defendants/Appellants CTL Distribution, Inc. and Roger McLelland
BEFORE: WHIPPLE, HUGHES, AND WELCH, JJ.
HUGHES, J.
This is an appeal of an April 13, 2008 judgment of the 18th Judicial District Court that granted a motion to compel and ordered sanctions against defendant, CTL Distribution, Inc. (CTL). The judgment was designated as final, pursuant to LSA-C.C.P. arts. 1915A(6) and 1915B(1). For the following reasons, we vacate the judgment and remand the matter for further proceedings.

FACTS AND PROCEDURAL HISTORY
Defendant CTL is in the business of transporting hazardous chemicals between Baton Rouge and New Orleans. CTL leases space to Delta Trailer, Inc. (DTI), a maintenance company with which CTL contracts to service and maintain CTL's trucks and trailers. The instant suit arose when an employee of DTI, Martin "Rock" Young, died while servicing CTL's trailer. The plaintiffs are the children of the deceased employee of DTI.
Plaintiffs (the Youngs) forwarded discovery requests to CTL on November 3, 2006; June 11, 2007; and July 2, 2007 (which included requests for admissions of fact). Claiming that CTL was not responsive to their discovery requests, on August 8, 2007, the Youngs filed "Petitioners' Motion to Compel Discovery Responses and to Determine Sufficiency of the Answers and Objections," praying that CTL be ordered to fully respond to the propounded discovery and that plaintiffs be awarded attorney's fees and costs, pursuant to LSA-C.C.P. art. 1469(4). According to the judgment on appeal, "Petitioners' Motion to Compel Discovery Responses was tried to the Court on January 14, 2008 and then continued for further trial on February 11, 2008 and April 7, 2008." The judgment states that "[p]etitioners' [m]otion to [c]ompel and for sanctions is granted." The judgment then imposes sanctions against CTL including all fees and costs associated with the motion. The judgment further orders that "the Jury at the trial on the merits of this matter will not be allowed to assess fault against Delta Trailer, Inc."
CTL appeals the sanction in the judgment that forbids the jury from considering the fault of DTI and, in eight separate assignments of error, alleges the following:
1. The trial court erred in imposing sanctions pursuant to LSA-C.C.P. art. 1471 as no order had been previously issued.
2. The trial court erred in striking DTI from the jury verdict form since such a sanction amounts to a dismissal of its claim against DTI and would require a showing of willful bad faith on the part of CTL.
3. The trial court erred in striking DTI from the jury verdict form because such a sanction is not permissible under LSA-C.C. art. 2323 insofar as LSA-C.C. art. 2323 requires that the fault of all persons be quantified.

LAW AND ARGUMENT
The trial court has much discretion in imposing sanctions for the failure of a party to comply with discovery orders and its ruling will not be reversed absent an abuse of that discretion. Lirette v. Babin Farm, Inc., XXXX-XXXX, p.3 (La. App. 1 Cir. 4/2/03), 843 So.2d 1141, 1142; Moody v. Moody, 622 So.2d 1376, 1380-81 (La. App. 1 Cir.), writs denied, 629 So.2d 1168 (La. 1993). However, appellate review of questions of law is simply to determine whether the trial court was legally correct or legally incorrect. If the trial court's decision was based on its erroneous interpretation or application of law, rather than a valid exercise of discretion, an incorrect decision is not entitled to deference by the reviewing court. Mitchell v. Gaylord Container, 2003-2762, p.3 (La. App. 1 Cir. 10/29/04), 889 So.2d 300, 302, writ denied, XXXX-XXXX (La. 4/1/05), 897 So.2d 608.

THE APPLICABLE LAW
Louisiana Code of Civil Procedure article 1469, prior to amendment by Acts 2008, No. 374 Section 1, provided:
A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:
(1) An application for an order to a party or a deponent who is not a party may be made to the court in which the action is pending.
(2) If a deponent fails to answer a question propounded or submitted under Articles 1437 or 1448, or a corporation or other entity fails to make a designation under Articles 1442 or 1448, or a party fails to answer an interrogatory submitted under Article 1457, or if a party, in response to a request for inspection submitted under Article 1461, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order.
If a court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to Article 1426.
(3) For purposes of this Subdivision an evasive or incomplete answer is to be treated as a failure to answer.
(4) If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.
If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.
If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.
(5) An application for an order compelling discovery to a member of the legislature in his capacity as a state lawmaker when the legislature or either body thereof is not a party to the proceeding may be made to the court in which the action is pending, but no order compelling discovery shall issue except in strict conformity with the provisions of R.S. 13:3667.3(B). (Emphasis added.)
Louisiana Code of Civil Procedure article 1471, prior to amendment by Acts 2008, No. 824, section 3, provided:
If a party or an officer, director, or managing agent of a party or person designated under Articles 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1469 or Article 1464, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
(1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.
(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.
(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
(4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.
(5) Where a party has failed to comply with an order under Article 1464, requiring him to produce another for examination, such orders as are listed in Paragraphs (1), (2), and (3) of this Article, unless the party failing to comply shows that he is unable to produce such person for examination.
In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. (Emphasis added.)
Plaintiffs' motion to compel, which makes reference to article 1469(4) and prays for attorney's fees and costs, was granted by the trial court. However, in the same judgment the court ordered the particular sanction now on appeal, which goes well beyond the authorization of article 1469(4) and the relief prayed for by plaintiffs.
It appears from the transcripts of the hearings on the motion to compel that plaintiff was seeking sanctions pursuant to LSA-C.C.P. art. 1471 for failure to comply with an order compelling discovery. But obviously an order to compel discovery cannot be found to have been violated and sanctions therefore ordered in the very same order so compelling.[1] The Code of Civil Procedure anticipates that there must first be a motion to compel. If the motion is granted, there should be an order compelling the discovery sought. If this order is then violated, the court may then make a subsequent order with sanctions pursuant to LSA-C.C.P. art. 1471. But in the original order granting the motion to compel, only the sanctions enumerated in LSA-C.C.P. 1469 are available. The sanctions pursuant to article 1471 are not available in response to the original motion to compel, but rather come into play only after an order compelling discovery is granted and then subsequently violated. We therefore find merit to defendant's argument that sanctions pursuant to LSA-C.C.P. art. 1471 were not appropriate at this stage of the proceedings, and pretermit discussion of the other errors assigned.

CONCLUSION
The judgment of the trial court forbidding the jury from considering the fault of DTI is vacated and this matter is remanded for further proceedings consistent herewith. All costs of this appeal are assessed against plaintiffs.
VACATED, AND REMANDED.
NOTES
[1] While we doubt that LSA-C.C.P. art. 1471(2) or (3) would support the sanction of prohibiting the jury from assessing the fault of DTI, we need not reach that issue.