THERIOT, J.
| /.The appellant, Sanderson Farms, Inc. (“Sanderson”), appeals the judgment of the Office of Workers’ Compensation (“OWC”) in favor of the appellee, Jerry Phillips, Jr. Mr. Phillips was awarded supplemental earnings benefits (“SEB”), with penalties and attorney fees assessed against Sander-son. For the following reasons, we affirm and award Mr. Phillips additional attorney fees on appeal.
FACTS AND PROCEDURAL HISTORY
Mr. Phillips, while in the course and scope of his employment with Sanderson, lacerated and partially amputated his left index finger on August 25, 2011, while cleaning a “gizzard 2” eviscerating machine. Mr. Phillips had been briefed on Sanderson’s safety policies in an orientation given to him on his hiring, which included procedures for cleaning and maintenance of machinery. On the date of the injury, prior to cleaning the machine, Mr. Phillips did not “lock and tag out” the machine, clearly in violation of the company’s safety policy.
Immediately after the accident, Mr. Phillips was brought to the on-site nurse who bandaged his finger and sent Mr. Phillips to North Oaks Medical Center for further treatment. Sanderson paid all costs of the medical treatment. Mr. Phillips returned to work at light or modified duty, which was to last until October 27, 2011, at which time Mr. Phillips was designated to return to full duty.
Upon his return to work the day following the injury, Mr. Phillips was informed that his employment with Sanderson had been terminated due to what Sanderson claimed was his gross violation of the safety policy. Although Sanderson had a return-to-work policy in place, Mr. Phillips was | ¡¡unable to benefit from the policy due to his termination. Sanderson refused to pay Mr. Phillips any wage benefits.
Mr. Phillips filed a disputed claim for compensation on September 14, 2011. He prayed for SEB as well as penalties and attorney fees to be assessed against Sand-erson. In its answer, Sanderson claimed that Mr. Phillips had received all workers’ compensation benefits to which he was entitled under the Louisiana Workers’ *29 Compensation Law,[1] and that since Mr. Phillips’s employment was legitimately terminated due to his violation of the promulgated safety policy, he was not entitled to SEB or any other benefits.
Trial on the matter was held on September 17, 2012, and the OWC found that Mr. Phillips was entitled to SEB from August 25, 2011, to October 27, 2011. Further, the OWC found that Sanderson’s refusal to award SEB warranted the assessment of penalties and attorney fees against Sand-erson, pursuant to Louisiana Revised Statutes 23:1201(F). In its reasons for judgment, the OWC stated that Sanderson “can not refuse to pay workers’ compensation indemnity benefits based on a ‘gross safety violation’ that is the accident itself.” Sanderson timely filed the instant appeal. Mr. Phillips timely answered the appeal, and requested additional attorney fees and costs for work related to this appeal.
ASSIGNMENTS OF ERROR
Sanderson argues the OWC erred in finding that Mr. Phillips was entitled to SEB despite the availability of a modified duty job at no loss of wages for which he would have been eligible but for his gross safety violation.
|4Sanderson further argues the OWC erred in finding that despite Sanderson’s acceptance of this claim and payment of medical benefits, and its good faith reliance on the consistent application of its safety policy in the denial of SEB, Sander-son did not reasonably controvert this claim, thereby subjecting Sanderson to the award of attorney fees and penalties.
STANDARD OF REVIEW
Factual findings in a workers’ compensation case are subject to the manifest error or clearly wrong standard of review. Banks v. Indus. Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. The OWC’s determination of whether an employer or insurer should be cast with penalties and attorney fees in a workers’ compensation action is essentially a question of fact and is also subject to the manifest error or clearly wrong standard of review. Russell v. Regency Hosp. of Covington, LLC, 08-0538, p. 7 (La.App. 1 Cir. 11/14/08), 998 So.2d 301, 306; Goodman v. Manno Electric, Inc., 01-2863, p. 5 (La.App. 1 Cir. 11/8/02), 835 So.2d 697, 701.
DISCUSSION
At trial, Sanderson presented plentiful evidence of its promulgated safety policies, that in Mr. Phillips’s orientation at hiring he was presented these policies, and that Mr. Phillips signed an acknowl-edgement that he was aware of the policies. Sanderson also alleged that Mr. Phillips was negligent in his handling of the “gizzard 2” machine, even going so far as to suggest Mr. Phillips’s injury was the result of his intentional act of placing his hand inside the machine. The OWC was not persuaded by this evidence and these arguments, and we find that the OWC was not manifestly erroneous to conclude that SEB should have been paid.
| fiThe Workers’ Compensation Act provides basic coverage for injuries sustained in the course of employment. The Act was a compromise between labor and industry pursuant to which laborers received guaranteed no-fault recovery and industry was relieved of the possibility of large damage awards in the tort system. O'Regan v. Preferred Enterprises, Inc., 98-1602, p. 18 (La.3/17/00), 758 So.2d 124, 136. At the very heart of the Louisiana Workers’ Compensation Law is the idea that workers will *30 be indemnified for their on-the-job injuries, regardless of whether the accident arose out of their own negligence. Although the OWC observed that Mr. Phillips’s injury resulted from his putting his hand in a machine that had not been properly shut off, the OWC correctly found that the issue of fault is not relevant in this case.
Sanderson has suggested that since Mr. Phillips intended to put his hand into the machine, that it was an intentional act on his part, and therefore his termination was for cause. The record, however, is devoid of any evidence that Mr. Phillips intended to hurt himself. The record shows that although Mr. Phillips did intend to put his hand in the machine to remove a piece of chicken stuck inside, he was unaware that the machine’s blades would move once he placed his hand inside. Mr. Phillips undertook a risk and that undertaking led to his injury. His actions are consistent with a classic negligence action. Such actions are protected under the Workers’ Compensation Act.
Sanderson does not consider its termination of Mr. Phillips to be in bad faith since Mr. Phillips was offered the opportunity to return to light duty work and eventually back to full duty status. Sanderson, however, cannot reconcile its return-to-work policy with the fact that it terminated Mr. Phillips on the day following the accident due to his gross safety violation. | ,-Although Sanderson claimed it had offered Mr. Phillips continued employment, Mr. Phillips was never given the opportunity to perform. Since the termination would have, in effect, exempted Sanderson from providing further benefits to Mr. Phillips, we find the reason for termination to be a convenient venire for Sanderson to refuse further benefits to Mr. Phillips; and we agree with the findings of the OWC that an employer cannot refuse to pay worker’s compensation indemnity benefits based on “gross safety violations” that is the accident itself. Sanderson’s attempt to circumvent the Worker’s Compensation Act through its own safety policy cannot be permitted. Statutory protection provided to employees by the Worker’s Compensation Act supersede company safety policies.
With respect to the penalties and attorney fees, Sanderson argued that since the claim was reasonably controverted, penalties and attorney fees should not have been assessed. See La.R.S. 23:1201(F)(2). We find that the OWC was not manifestly erroneous in concluding that Sanderson did not reasonably controvert this claim, and we use as guidance a similar employer argument set forth in Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885. In Brown, the claimant was not timely paid all the benefits he was due by his employer’s insurer. The insurer noted its own internal policy of issuing checks on a certain day of the week as an explanation as to why the payments weren’t made in a timely fashion. The OWC denied the claimant’s petition for benefits, penalties, and attorney fees, finding that the claim was reasonably controverted by the insurer. Id. at 891-892.
The Louisiana Supreme Court reversed the OWC’s judgment, finding the claim could not be reasonably controverted simply by the existence of the insurer’s internal check issuing policy. Id. at 892. The court stated that 17for a claim to be reasonably controverted, the defendant must have some valid reason or evidence upon which to base the denial of benefits. Id. at 890. Since the insurer’s own internal policy could not reasonably controvert the claim in Brown, we likewise find that Sanderson’s own internal safety policy cannot reasonably controvert the instant *31 claim. Without any recourse from the exception provided in La.R.S. 23:1201(F)(2), Sanderson is required by law to pay penalties and attorney fees to Mr. Phillips. See Russell, 998 So.2d at 307.
 Penalties shall be assessed either at 12% of the unpaid compensation, or at $50.00 per each calendar day that benefits are unpaid, up to $2,000.00, whichever amount is greater. La. R.S. 23:1201(F)(2). The OWC assessed Sanderson $2,000.00 in penalties, which is within the guidelines of the statute. Factors to be considered in the imposition of reasonable attorney fees in workers’ compensation cases include the degree of skill and work involved in the case, the amount of the claim, the amount recovered, and the amount of time devoted to the case. Russell, 998 So.2d at 306. Sanderson forced Mr. Phillips to have this case tried before the OWC’s court, causing Mr. Phillips to hire an attorney. We find the OWC’s award of $4,500.00 in attorney fees to be reasonable and not manifestly erroneous.
Mr. Phillips timely answered Sander-son’s appeal, seeking additional attorney fees for work done on appeal. A workers’ compensation claimant is entitled to an increase in attorney fees to reflect additional time incurred in defending an unsuccessful appeal by the employer. Atwell v. First General Services, 06-0392, p. 14 (La.App. 1 Cir. 12/28/06), 951 So.2d 348, 358, writ denied, 07-0126 (La.3/16/07), 952 So.2d 699. Accordingly, Mr. Phillips is awarded additional attorney fees in the amount of $2,000.00 for work performed on this appeal.
^CONCLUSION
We find no manifest error in the OWC’s ruling that Sanderson failed to pay SEB to Mr. Phillips pursuant to La. R.S. 23:1201(F), and we also find no manifest error in the OWC’s award of penalties and attorney fees. Furthermore, we award additional attorneys fees in connection with this appeal.
DECREE
The judgment of the Office of Workers’ Compensation in favor of the appellee, Jerry Phillips, Jr. and against the appellant, Sanderson Farms, Inc. is affirmed. Judgment is also rendered in favor of Mr. Phillips and against Sanderson Farms, Inc. for attorney fees with respect to this appeal in the amount of $2,000.00. All costs of this appeal are assessed to the appellant.
AFFIRMED. ADDITIONAL ATTORNEY FEES AWARDED ON APPEAL.

. Louisiana Revised Statutes 23:1021 et seq.