| KEVREION RAINES | * | NO. 2022-C-0630 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| VALERO REFINING MERAUX | * | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 21-0467, DIVISION "E"
Honorable Eric A. Bopp,
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Paula A. Brown, Judge
Tiffany Gautier Chase)


Raymond P. Ward
Roland M. Vandenweghe, Jr.
Taylor E. Brett
ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139

Jacque R. Touzet
900 Camp Street, Floor 3
New Orleans, LA 70130

      COUNSEL FOR VALERO REFINING-MERAUX, L.L.C.,
      DEFENDANT/RELATOR


Lance V. Licciardi
LICCIARDI & NUNEZ
1019 W. Judge Perez Dr.
Chalmette, LA 70043

Michael C. Ginart, Jr.
2114 Paris Rd.
Chalmette, LA 70043

David C. Jarrell
9101 W. St. Bernard Hwy.
Chalmette, LA 70043

COUNSEL FOR KEVREION RAINES, PLAINTIFF/ RESPONDENT

**WRIT GRANTED; VACATED**

**NOVEMBER 8, 2022**

Relator, Valero Refining-Meraux, LLC ("Valero"), seeks supervisory review of the district court's judgment in favor of Respondent, Kevreion Raines ("Raines"), against Valero, assessing costs as a sanction for violating La. C.C.P. art. 1450 in the total amount of $1,413.30 for the costs incurred by Raines for the purchase and filing of deposition transcripts, in connection with Valero's motion for summary judgment. For the reasons set forth below, we grant the writ application, exercise our supervisory jurisdiction, and vacate the sanctions award.[1]

Valero filed a motion for summary judgment and submitted excerpts of the depositions of Raines and four of her family members in support of the motion for summary judgment. After receipt of the motion for summary judgment, Raines' counsel sent an email to counsel for Valero making a "formal demand under [Louisiana Code of Civil Procedure] Article 1450(A)(4) for [Valero] to introduce the entirety of all depositions rather than excerpts." The email further requested that Valero "provide a copy of the depositions." In a reply email, Valero's counsel

---

[1] This proceeding originated with the filing of Raines' Petition for Damages in the Justice of the Peace Court, Parish of St. Bernard. After conducting a trial on the merits, the Justice of the Peace Court rendered a judgment in Valero's favor against Raines, rejecting Raines' demands and dismissing the action with prejudice at her costs. Thereafter, Raines filed a Petition for Appeal in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, appealing the judgment of the justice of the peace. *See* La. C.C.P. art. 4924(A). In the Petition for Appeal, Raines requested a trial *de novo*. *See* La. C.C.P. art. 4924(B).

1

responded that Valero "[would] not be introducing the entirety of these deposition transcripts" on the basis that La. C.C.P. art. 1450(A)(4) does not apply to summary judgment proceedings, and suggested Raines obtain the depositions from the court reporter.

Raines submitted an opposition to the motion for summary judgment and, in support thereof, attached complete copies of the depositions and requested that the costs incurred by her for the purchase and filing of the deposition transcripts be taxed to Valero. Valero filed a reply wherein it asserted that La. C.C.P. art. 1450(A)(4) does not apply to summary judgment proceedings and that, even if it were to apply to summary judgment proceedings, La. C.C.P. art. 1450 has no provision that mandates "that costs associated with introducing the full deposition transcripts be taxed against the party that introduced the excerpts."

The district court denied Valero's motion for summary judgment and "assess[ed] costs as a sanction" against Valero for violating La. C.C.P. art. 1450, in the total amount of $1,413.30, representing the cost of obtaining and filing the depositions incurred by Raines. Valero seeks review of the sanctions award.

The sole assignment of error presented by Valero for this Court's review is that "the district court committed legal error in sanctioning Valero," because no provision in the Louisiana Code of Civil Procedure "authorizes a sanction for failure to respond to an informal request for production or for 'violating' La. Code Civ. P. art. 1450."

A district court's determination regarding the imposition of sanctions ordinarily is subject to an abuse of discretion standard of review. *Elysian, Inc. v. Neal Auction Co., Inc.*, 20-0674, p. 17 (La. App. 4 Cir. 7/21/21), 325 So.3d 1075, 1087. However, if the district court's decision was based on its erroneous

2

interpretation or application of law, rather than a valid exercise of discretion, an incorrect decision is not entitled to deference by the reviewing court. *Reich, Album & Plunkett, L.L.C. v. Mugnier*, 14-339, p. 4 (La. App. 5 Cir. 12/22/21), 334 So.3d 986, 990 (citing *Mitchell v. Gaylord Container,* 03-2762, p. 3 (La. App. 1 Cir. 10/29/04), 889 So.2d 300, 302).

Valero argues that there is no provision in the Louisiana Code of Civil Procedure that authorizes the imposition of sanctions for failing to comply with La. C.C.P. art. 1450 and that the district court therefore erred in assessing as a sanction against Valero the costs incurred by Raines in obtaining and filing the depositions for Valero's refusal to introduce the entirety of the deposition transcripts after being requested to do so by Raines.[2] We agree that the district court did not have authority under art. 1450 to impose sanctions.

Raines references La. C.C.P. art. 191 which states that "a court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law," in addition to other codal articles that have a "mechanism for enforcement," particularly La. C.C.P. arts. 863 and 1420. These articles in fact have enforcement mechanisms, including the imposition of sanctions, which are not applicable in this case because they were not utilized as a basis for the district court's imposition of sanctions.[3] The record does not contain

---

[2] Valero does not argue in its writ application, as it did before the district court, that La. C.C.P. art. 1450(A)(4) does not apply to motions for summary judgment. For that reason, we need not address whether the district court committed legal error in applying La. C.C.P. art. 1450(A)(4). Valero asserts in its writ application that its refusal to introduce the complete depositions was based on its reasonable interpretation of current case law and that its good faith interpretation of the law precludes an award of sanctions. Since we hold that the law does not authorize an award of sanctions under La. C.C.P. art. 1450, Valero's good faith argument is moot.

[3] Both La. C.C.P. art. 863 and La. C.C.P. art. 1420, which pertain to the signing of pleadings and discovery requests, responses, and objections, respectively, require that upon motion of a party or on the court's own motion, and only after a hearing at which the parties may present any

3

any order prior to the sanctions order at issue requiring Valero to introduce full copies of the deposition transcripts or requiring or compelling Valero to produce the depositions. The district court therefore lacked authority to impose sanctions against Valero under La. C.C.P. art. 1450.

For the foregoing reasons, we grant the writ and vacate the district court's award of sanctions against Valero.[4] We further deny Raines' motion for damages pursuant to La. C.C.P. art. 2164.

**WRIT GRANTED; VACATED.**

---

evidence or argument relevant to the issue of imposition of a sanction, can the court, after it determines that a certification has been made in violation of the articles, impose an appropriate sanction. *See* La. C.C.P. art. 863(D) and (E); and La. C.C.P. art. 1420(D) and (E).

[4] Nothing in this opinion should be construed as depriving Raines of her remedy to file a motion to tax costs associated with the depositions pursuant to La. C.C.P. art. 1920 and La. R.S. 13:4533.